GEORGE McCONNELL & another vs. MARY A. WILDES.

Suffolk.    March 24, 1891. — April 3, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Will — Sanity of Testatrix — Undue Influence — Lost Document —
Secondary Evidence — Non-expert.*

Evidence of statements, made after a testator's death by a person alleged to have procured the execution of the will by fraud or undue influence, tending to prove such fraud or influence, is inadmissible.

On the issues of a testatrix's sanity and of undue influence, an executor of the will, after stating that he had been consulted regarding an earlier will executed by her shortly before the date of that in question, and that he had failed to find the same, testified that he had inquired regarding it of the person alleged to have exerted the undue influence, that he had searched for it among the testatrix's papers, and that he had taken every other means he could to find it, but had failed. *Held,* that the evidence was sufficient to warrant the admission of testimony as to the contents of the lost will.

At the trial of the issues of a testatrix's sanity and of undue influence, the contents of an earlier instrument, whether formally executed as a will or a mere draft or memorandum, made a short time before the instrument in controversy, may be proved in evidence as showing her intentions or wishes at that time as to the disposition of her property.

On the issue of a testatrix's soundness of mind, one of her executors, who had had several interviews with her but was not an expert, was asked whether he had observed any fact which led him to infer that there was any derangement of her intellect, and was permitted to answer the question, being expressly cautioned not to state his opinion, but the facts only. *Held,* that there was no occasion to grant a new trial, there being no reason to suppose that any injustice was done.

APPEAL by Mary A. Wildes from a decree of the Probate Court admitting to probate an instrument purporting to be the last will of Elizabeth W. Gay. At the trial in this court, before *Morton,* J., the following issues were submitted to the jury:

" First. Was the instrument propounded duly executed by said Elizabeth W. Gay as her last will and testament?

" Second. Was the said Elizabeth W. Gay of sound and disposing mind and memory at the time of the execution of said instrument?

" Third. Was said instrument procured to be made by the fraud or undue influence of Caroline M. Wildes? "

The following facts appeared in evidence. Caroline M. Wildes, Mary Ann Wildes, and Elizabeth W. Gay were sisters. Mrs. Gay died on May 16, 1890, being seventy-two years old. By the instrument in question, which was dated March 24, 1890, and of which George McConnell and Henry H. Sprague were the executors, Caroline M. and Mary A. and two nieces of Mrs. Gay were each given $1,000. After various other gifts to individuals, the residue of the estate was given to a large number of charitable institutions.

Mary A. Wildes, after testifying that on the Wednesday following the funeral of the testatrix she called at her former residence, and that she there met Caroline M., was asked, " What conversation did you have with her regarding Mrs. Gay at that time?" She was not permitted to answer this question, and the appellant excepted.

Henry H. Sprague, called as a witness by the appellant, testified on cross-examination that the testatrix, within a few months of the date of the instrument in question, consulted him regarding an earlier will which she had made and then brought to him; that he did not know where such earlier will was, and had failed to find it in looking over such of the testatrix's papers as he knew about. He was then asked to state as fully as he could the resemblances and differences between the earlier will and the instrument in question. This was objected to, on the ground that the testimony was incompetent, and also that sufficient search had not been made for such earlier will. The witness then stated that he had gone over all the testatrix's papers, which were substantially in the possession of the special administrator of the estate, and that it was not among them; that he had made inquiries of Caroline M. Wildes, among others, and had made search for such earlier will among all the papers that he knew about, and in every way and by every means that he could, and had failed to find it. The judge then permitted the witness to state his recollection of the contents of the earlier will, which was to the effect that he did not feel sure that there was any difference between them; and the appellant excepted.

Caroline M. Wildes testified that the testatrix frequently advised her to make a will, and during the winter of 1889–90 lent her for that purpose a draft of a will of her own which was not

executed. This draft, which was identified by the witness as in the testatrix's handwriting, and was substantially the same as the instrument in question, was then admitted in evidence, against the appellant's objection, as in substance a declaration of Mrs. Gay's intentions; and the appellant excepted.

Mr. Sprague, in testifying to conversations had by him with the testatrix, was asked, " Whether you have observed any fact which led you to infer there was any derangement of intellect?" This question was objected to by the appellant, and admitted with the qualification that the witness was not to state his opinion, but was to state facts; and the appellant excepted.

The jury answered the first and second issues in the affirmative, and the third issue in the negative; and the appellant alleged exceptions.

*J. T. Wilson*, for the appellant.

*G. O. Shattuck & W. A. Munroe*, for the executors.

C. ALLEN, J. 1. Evidence of statements made by Caroline M. Wildes, after the death of the testatrix, was properly excluded. At that time she could not, if she had wished to do so, prejudice the rights of legatees under the will by admissions, or express declarations, that she had procured the execution of the will by force or fraud. *Shailer* v. *Bumstead*, 99 Mass. 112, 127–129.

2. It is for the presiding justice primarily to decide whether sufficient search for a lost document has been made to render secondary evidence of its contents admissible. The evidence of such search, in the present case, was sufficient to warrant the admission of testimony as to the contents of the lost will. 1 Greenl. Ev. § 558.

3. The objection that there was no proof of the formal execution of the earlier will was not distinctly taken at the trial, but if it had been, it could not have prevailed. If the paper had been a mere draft or memorandum prepared by the testatrix, showing her intentions or wishes at that time as to the disposition of her property, the contents of it might properly be proved in evidence, as bearing upon the question of her soundness of mind, and also upon that of undue influence. The fact that it was in the form of a will, which apparently had been executed by her, did not render its contents any the less admissible for that purpose.

4. The admission of the paper produced by Caroline M. Wildes was competent, for similar reasons.

5. The question to Mr. Sprague, whether he had observed any fact which led him to infer that there was any derangement of intellect in the testatrix, was in the form allowed by the presiding justice at the trial of *May* v. *Bradlee*, 127 Mass. 414; and it was there decided that a new trial need not be granted on account thereof. It is settled in this Commonwealth that Mr. Sprague could not have been allowed to give his opinion directly upon the soundness of mind of the testatrix. 127 Mass. 421, and cases cited. The objection urged to the question in this form is, that it may call for such opinion. For this reason, the question might properly have been excluded, with a suggestion to change its form so as to avoid the objection. The witness, however, was expressly cautioned not to state his opinion, but to state facts; and under these circumstances there is no occasion to grant a new trial, there being no reason to suppose that injustice was done.

There having been no error in the admission of evidence, the entry must be, *Exceptions overruled.*