[S. F. No. 4874. Department Two.—May 28, 1908.]

In the Matter of the Estate of BERTHA M. DOLBEER, Deceased. HORATIO SCHANDER, Contestant, Appellant; ETTA MARION WARREN, Proponent of Will, Respondent.

WILLS—RESULT OF PRIOR CONTEST—CONTEST AFTER PROBATE—WANT OF MENTAL CAPACITY—UNDUE INFLUENCE—INSUFFICIENT EVIDENCE.— Where a will had been contested before probate solely for want of capacity of the testatrix, by an uncle, and a verdict for the will was found on that issue, and the judge properly found *ex parte* in favor of the presumption against undue influence, and the will was contested after probate, by another uncle both for want of mental capacity and for undue influence; *Held,* that the evidence was insufficient upon the second contest to establish either ground, and that a showing of the mere possibility of undue influence or opportunity therefore was not sufficient to establish it.

ID.—MOTION TO CHANGE VENUE OF SECOND CONTEST—DISQUALIFICATION OF JUDGE NOT SHOWN.—Where the contestant after probate moved to change the venue upon affidavits that the judge had expressed a fixed opinion in favor of the validity of the will and was biased and prejudiced against the second contest, without charging any bias or prejudice against the litigant, the showing is insufficient to disqualify the judge from trying the second contest, and the motion was properly denied.

ID.—FINDING MADE ON FORMER CONTEST—BIAS AND PREJUDICE NOT IMPUTABLE ON SECOND CONTEST.—The circumstance that the court, on the former contest, upon which the question of undue influence was not in issue, in its formal proof of facts found that the will was executed by the deceased when free from undue influence, merely upon the legal presumption of the absence of fraud or undue influence, where there is failure of allegation or proof of either, can under no circumstances be the foundation for the imputation of bias

or prejudice on that account, upon the second contest, on an issue expressly joined upon that question.

ID.—JURY TRIAL NOT REQUIRED ON SECOND CONTEST.—The right to a jury trial in probate proceedings is purely statutory, and does not exist if the statute does not provide for it. Where a jury trial was had upon a contest before probate, the right does not exist upon a second contest after probate under section 1330 of the Code of Civil Procedure.

ID.—CONSTRUCTION OF CODE.—The special provision in section 1330 of the Code of Civil Procedure, is the latest expression of the legislative will as to a jury trial on a second contest of a will. Furthermore, that special provision in article IV of chapter II must prevail over general provisions as to jury trials, in sections 1716 and 1717 of the same code.

ID.—DISCRETION AS TO JURY TRIAL ON SECOND CONTEST—FACTS CONSIDERED—POLICY OF LAW—CURTAILMENT OF DILATORY PROCEEDINGS —TRIAL BY COURT.—Upon the question of discretion of the court as to a jury trial of the second contest, after probate, by a brother of the first contestant, it is to be considered that the second contestant was familiar with the facts concerning the jury trial had upon the first contest before probate, and its final result in favor of the validity of the will. In view of such jury trial and its result, it is the policy of the law to curtail further dilatory proceedings in the settlement of the estate, and that subsequent contests should be expeditiously tried by the court. It was not an abuse of discretion, but within the well-defined policy of the law, for the court to refuse a jury trial under the circumstances shown.

ID.—CITATION OF PARTIES INTERESTED—SERVICE UPON ALL HEIRS NOT ESSENTIAL—ABSENCE OF INJURY TO CONTESTANT.—Section 1329 of the Civil Code as to the citation of parties interested does not contemplate or require the delay of the proceedings to obtain service of all other heirs who are not provided for in the will, and whose interest is with that of the contestant. Such other heirs are proper, but not necessary parties, and where the contestant failed in his contest, he is not injured by the failure to serve other heirs with citation.

ID.—EVIDENCE—EXAMINATION OF BENEFICIARY BY CONTESTANT—DEPOSITION—SURPRISE—CONTRARY DECLARATIONS INADMISSIBLE.—Where the principal beneficiary charged with undue influence, was called as a witness for contestant, the contestant cannot be surprised by evidence conforming to her deposition, nor can the contestant, on the ground of surprise at her answers, offer contrary declarations made out of court, if the exceptional case does not appear that, by surprise, the witness has given affirmative hostile and admissible evidence unexpectedly, which such declarations could neutralize.

ID.—QUESTIONS CALLING FOR HEARSAY TESTIMONY.—Questions calling for hearsay testimony are inadmissible on that ground, and can-

not form ground for introducing contrary declarations on the ground of surprise.

ID.—DECLARATIONS OF ONE LEGATEE NOT ADMISSIBLE.—Declarations by one legatee are not admissible in evidence because not binding upon the other legatees, and the same rule holds whether the evidence is addressed to the mental unsoundness of the testatrix or to the question of undue influence.

ID.—NEW TRIAL—NEWLY. DISCOVERED EVIDENCE—INSUFFICIENT AFFIDAVITS.—Motions for a new trial on the ground of newly discovered evidence are always subject to careful scrutiny by the court, and the decision rests on its sound discretion. It is held that, not only was there no abuse of discretion in denying the motion, in this case, but also, that there is nothing contained in the affidavits which would have justified the court in granting a new trial on the ground of newly discovered evidence.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial of a contest of a will after probate. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Further facts are stated in Estate of Dolbeer, 149 Cal. 227, [86 Pac. 695].

Darwin C. De Golia, Bart Burke, Charles J. Pence, and S. C. Denson, for Appellant.

E. S. Pillsbury, Garret W. McEnerney, and Joseph H. Mayer, for Respondent.

HENSHAW, J.—This was a contest of the will of Bertha M. Dolbeer, deceased, instituted after its admission to probate. The grounds of the contest were the mental incapacity of the deceased to execute a will and alleged undue influence exercised upon the mind of the testatrix by Etta Marion Warren, the principal beneficiary of the testatrix's bounty. In *Estate of Dolbeer,* 149 Cal. 227, [86 Pac. 695], this court considered the contest of Adolph Schander before the probate of Bertha M. Dolbeer's will. The present contest was instituted by another maternal uncle of Bertha M. Dolbeer, Horatio Schander. It was tried by the court without a jury, and determined adversely to contestant. From the judgment denying the petition for revocation an appeal was taken, which appeal was by this court dismissed. The present

appeal is taken from the order of the court denying petitioner's motion for a new trial because of asserted errors. of law committed at the trial, and upon alleged newly discovered evidence.

For the history and facts in this matter reference may be made to the *Estate of Dolbeer* in the 149th volume of our reports. It may be added that upon the question of the insanity of the deceased the evidence in the present case is certainly no stronger, if not much weaker, than the evidence adduced upon the former contest. Of direct evidence touching undue influence there is nothing worthy of the name, and indeed there is nothing at all upon this branch of the case other than the inferences which might be drawn from the two facts—the opportunity for exercising such influence and the circumstance that the will makes Miss Warren the principal beneficiary. But these facts are wholly insufficient to support the charge, and, as was declared in the earlier contest, the will of deceased was not an unnatural one.

With this brief statement we come to a review of the alleged errors of law committed by the trial court, and the first of these is based upon the court's refusal to grant a change of venue. Judge Coffey presided over the department of the probate court before which the first contest upon the admission of the will to probate was heard and determined before a jury. The sole issue there presented was that of the mental capacity of the testatrix to execute a will. The jury found the testatrix at the time of the making of the will to be of sound. and disposing mind. In the proof of facts found, the judge properly, indeed necessarily, added the formal finding, made *ex parte* (there being no controversy upon the question), that the testatrix was free from undue influence in the making of the will. The only pertinent allegations in the affidavits touching the disqualification of the judge are that. the judge "has used language indicating that he has formed a fixed opinion concerning the validity of said alleged will of decedent," and further that the judge has "shown his. position as to the merits of the affiant's contest, and shown his. prejudice and bias against this affiant's said contest" by fixing the return day of the citation for a date ten days after its. issuance, notwithstanding the fact that Ida J. Moody, one of the heirs at law of Bertha M. Dolbeer, was at that time in.

Europe, and that service of said citation therefore could not be personally made upon her, and that since then the court has refused to delay the hearing of the case by issuing an alias citation to bring Mrs. Moody into court, notwithstanding that application had been made therefor. It is to be here noted that it is not charged that the bias of the judge is directed against the contestant or his attorneys, but simply that it is directed against the case. The return day of the original citation granted contestant reasonable time to serve all parties within the jurisdiction of the court, and the refusal to issue an alias citation for Mrs. Moody was, as will be considered hereafter, entirely proper. These alleged grounds of prejudice may at once be eliminated. The circumstance that the court, in its formal proof of facts, found upon the former contest that the will was executed by Miss Dolbeer when free from undue influence, can under no circumstances be the foundation for the imputation of bias or prejudice upon this account, since in that contest the question of undue influence was not in issue, and the court found merely upon the legal presumption of the absence of fraud or undue influence where there is failure of allegation and proof of either. There is thus left the single proposition that the judge was biased and prejudiced "against this contest" (wherein the probate of the will was sought to be revoked upon the ground that the testatrix was insane), because before a jury a similar or like contest upon the same ground had been tried and determined in his court favorably to the proponents of the will. But this alleged prejudice of a judge against a case, as distinguished from prejudice against a litigant, has never been recognized as a sound basis for a motion for change of venue or the amotion of the judge. Were it otherwise, it would prohibit any judge from sitting in the second trial of a cause which had previously been determined by him, since in the first trial he must have reached his own conclusions as to the law and the facts, to the so-called prejudice of one or another of the litigants. Says the supreme court of Vermont: "There is no rule or principle that disqualifies the judge of a court from sitting in different causes in which the same legal rules and questions of fact, or either of them, are presented for consideration." (*Martyn* v. *Curtis,* 68 Vt. 397, [35 Atl. 333].) The

same principle was enunciated by the supreme court of this
state in *Patterson* v. *Conlan,* 123 Cal. 453, [56 Pac. 105]. To
the same effect may be instanced *Western Bank* v. *Tallman,*
15 Wis. 92; *Fry* v. *Bennett,* 28 N. Y. 324; *Heflin* v. *State,*
88 Ga. 151, [30 Am. St. Rep. 147, 14 S. E. 112]; 23 Cyc.
586.

Contestant demanded a trial by jury which the court re-
fused to grant. Contestant here contends that he was legally
and of right entitled to a jury or that a trial by jury was
certainly discretionary, and the court abused its discretion
in not according it to him. The right to a trial by jury
secured by the constitution has no reference to or bearing
upon proceedings in probate. "It has been held that the
right of trial by jury is secured by the constitution only in
cases in which it had previously existed, in the administra-
tion of justice according to the course of the common law.
Probate matters belong to ecclesiastical jurisdiction, where a
jury was not a right. Such a proceeding is not really an action
at law as defined in the code." (*In re Moore,* 72 Cal. 335,
[13 Pac. 880].) A contest of a will and proceedings to re-
voke its probate are special proceedings. (*Estate of Joseph,*
118 Cal. 660, [50 Pac. 768]; *Carpenter* v. *Jones,* 121 Cal.
362, [53 Pac. 842].) It follows, then, in the absence of a
statute providing for trial by jury, probate proceedings have
always been heard by the court without the intervention
of a jury. Only in those probate proceedings where the
statute expressly confers a right to a trial by jury does the
right exist. (*Wills* v. *Lachnane,* 9 Bush, (Ky.) 550; *Moody*
v. *Found,* 208 Ill. 78, [69 N. E. 831]; Page on Wills, sec.
331.

Considering briefly the origin and history of our present
code sections, it will be found that in the Probate Act of
1851 (Stats. 1851, p. 450), sections 20 to 24 provided for a
contest of a will before probate, and sections 30 to 34 for a
contest after probate. It will be found, moreover, that no
jury was allowed by that act in a contest, either before or
after probate. In 1855 sections 20 to 24 of the act of 1851,
treating of a contest before probate, were amended, making
a jury in such cases allowable upon demand. (Stats. 1855,
p. 132; *Pond* v. *Pond,* 10 Cal. 495.) In 1861 section 20 was
again amended (Stats. 1861, p. 630) so as to require that the

demand for the jury should be filed at least three days before the date set for the trial in the probate court, and that the case should thereupon be immediately certified to the district court, which court alone under the existing practice had power to determine such controverted questions of fact. (*Pond* v. *Pond*, 10 Cal. 495.) In 1868 section 20 was once more amended, by providing that the jury trials in the contests therein contemplated should be heard and determined in the probate court instead of being certified for determination to the district court. (Stats. 1867-8, p. 628.) These were the only amendments to these sections 20 to 24 of the Practice Act up to the time when they were transferred to the Code of Civil Procedure and embodied substantially in sections 1312 to 1317 thereof.

Sections 30 to 33 of the Probate Act of 1851 relating to contests after probate remained unchanged until re-embodied and re-enacted in sections 1327 to 1330 of the Code of Civil Procedure. But in re-enacting these sections into the code provisions, this declaration was added: "In all cases of petitions to revoke the probate of a will, wherein the original probate was granted without a contest, on written demand of either party, filed three days prior to the hearing, a trial by jury must be had as in cases of the contest of an original petition to admit a will to probate." (Code Civ. Proc., sec. 1330.) So far as this review has gone, it establishes that by the Probate Act as amended in 1855, a jury trial was demandable only in the case of a contest before probate, and never in a case of a contest after probate, whether the will had been originally admitted to probate with or without a contest. When section 33 of the earlier Practice Act was re-enacted in section 1330 of the Code of Civil Procedure, for the first time the significant addition was made of the clause above quoted, and the manifest purpose of this clause was to allow a contestant after probate a trial by jury, if the original probate was had and granted without a contest. While in terms the section does not declare that the contestant shall not be entitled to a jury, if the original probate was had after contest, yet as such contestant was only entitled to a jury in probate matters where the statute accorded it, and as the statute in this instance accorded no right in any case to a trial by a jury of a contest instituted

after probate, it is natural to conclude that section 1330 operated to make an exception to the general rule denying a jury in a case of contest after probate, by awarding the right in the limited cases where the probate had been granted without previous contest. (*In re Robinson*, 106 Cal. 493, [39 Pac. 862].) And this, it may be said, was a very proper relaxation of the rule, it being considered by the legislature proper that a jury might once be had to pass upon disputed issues of fact, but that, in the interest of expedition and the speedy disposition and distribution of estates, it was inexpedient that when these contested matters had once been passed upon by a jury, or when a right to a jury had once been accorded, a right to a second trial by jury, with its incident and consequent delays, should be allowed. But appellant places reliance upon sections 1716 and 1717 of the Code of Civil Procedure. These code sections are substantially re-enactments of section 294 of the Probate Act of 1851. (p. 486) as amended in 1855 (Stats. 1855, p. 300), and again in 1861 (Stats. 1861, p. 653). They have received consideration from this court in *In re Moore*, 72 Cal. 335, [13 Pac 880]. But no sound argument of a contestant's general right to a trial by jury after probate can be drawn from these sections. Their language is broad. Their provisions are designed to lay down a rule with respect to cases concerning which no provisions elsewhere are found. Being general, they come under the established canon of construction, that their language is controlled by the special provisions of the code sections touching the same subject-matter. (*Martin* v. *Election Commissioners*, 126 Cal. 404, [58 Pac. 932].) Moreover, the provision of section 1330 must be considered as the latest expression of the legislative will. It has been pointed out that it was a new provision, modifying the older sections of the Probate Act, and it is declared by section 5 of the Code of Civil Procedure that the provisions of this code, so far as they are substantially the same as existing statutes, must be considered as continuations thereof and not as new enactments. And, finally, upon this proposition it may be added, that section 4482 of the Political Code declares that if the provisions of any chapter conflict with or contravene the provisions of another chapter of the same title, the provisions of each chapter must prevail as to all matters and questions

arising out of the subject-matter of such chapter. Section 1330 of the Code of Civil Procedure is contained in article IV of chapter II, while sections 1716 and 1717 are contained in chapter XII. Chapter II deals with the probate of wills, and article IV of that chapter deals with contesting wills after probate, while chapter XII is devoted to the consideration of "orders, decrees, processes, minutes, records, trials and appeals in probate matters." It is apparent that when considering a case dealing with the probate of a will and with contesting wills after probate, which is the case here presented, the articles and chapters dealing specifically with these matters must prevail over the general provisions which may be deemed to have a bearing upon this subject-matter. It is thus concluded that contestant was not entitled as of right to a jury trial. And as to the second consideration which he advances, namely, that if the matter was one of discretion, it was an abuse of discretion in the court in this instance to refuse a jury trial, little need be said. It is the policy of the law to curtail dilatory proceedings in the settlement of estates. There had been a contest before probate, instituted by the brother of this contestant, and tried before a jury, resulting in a verdict sustaining the mental competency of the testatrix. The judgment which followed was sustained upon appeal. With all of these facts this present contestant was familiar. There had been a full opportunity given before probate to have a jury determination of any and all matters of legitimate contest, and it is the policy of the law that where such a contest has been had, subsequent contests should be expeditiously dealt with by the court itself. It was, therefore, not an abuse of discretion, but within the well-defined policy of the law to refuse a jury trial under the circumstances shown.

Complaint is made that the court refused to delay the proceedings by issuing an alias citation for Mrs. Ida J. Moody, an heir at law of the decedent, who, though a resident of California, was sojourning in Europe, and also upon certain other heirs at law, or successors in interest thereto. Mrs. Moody took nothing under the will, but would have taken as heir had probate of the will been revoked. Her financial interests were therefore with and not opposed to contestants. Section 1329 of the Code of Civil Procedure does not make a service

of citation upon all of the parties essential. They may be proper parties, but are not necessary parties. The code expressly provides that at the time appointed for showing cause, personal service of the citation having been made upon *any* persons named therein "the court must proceed to try the issues of fact joined in the same manner as in an original contest of a will." Personal service of the citation had been made upon the executor and a number of the legatees, and they had answered the petition for revocation and were ready for trial. Nothing would have been gained by the issuance of an alias citation except delay, and although some of the persons interested were not served, since contestant has failed in his petition for revocation it could not advantage him if they had been served. He has suffered no injury.

Miss Etta Warren was called as a witness for contestant. Her deposition had previously been taken, and with its contents contestant was unquestionably familiar. The objections to certain questions propounded to Miss Warren were sustained by the court. Generally speaking, these questions called for hearsay declarations, and were inadmissible upon that account. Certain others could have been admissible only upon the theory that the witness had given unexpected testimony hostile to the party who called her. In view of the fact that Miss Warren had previously testified fully by deposition, it cannot seriously be contended that the testimony which she gave, conforming to her deposition, was matter of surprise to the contestant who had placed her upon the stand. But, moreover, it is well settled that when a witness has failed to testify as expected, the deficiency cannot be made good by the offer in evidence of declarations made by that witness out of court. The exception being that above adverted to, where to the surprise of the party the witness has given affirmative hostile evidence, and the declarations are received only for the purpose of neutralizing the effect of this hostile testimony so unexpectedly given. (*People* v. *Jacobs,* 49 Cal. 384; *People* v. *Creeks,* 141 Cal. 529, [75 Pac. 101].) In each instance where it was contended that the evidence of Miss Warren was thus unexpected and hostile, offer was made by counsel for the executors of the will to strike out her testimony, and thus eliminate any possible necessity for the introduction of these asserted declarations. Counsel refused to accept the offer

and the court thereupon sustained the objection. The ruling of the court, for both the reasons above given, was proper. The same may be said of the rulings touching questions propounded to the witness Mrs. Mai Watson, but in addition to this the questions themselves were shown to be plainly inadmissible. Thus, Mrs. Watson was asked whether or not Miss Dolbeer had committed suicide in New York. Counsel for respondent objected and were permitted by the court to show that Mrs. Watson was in San Francisco when Miss Dolbeer met her death, and could only know from hearsay the circumstances of that death, whereupon the objection to the question was sustained. Mrs. Watson was further asked if she had not said to her sister that Miss Dolbeer had followed in the footsteps of her mother, meaning that she had committed suicide. This question was objected to upon the ground that it was hearsay. The objection was well taken and was properly sustained. The witness was further asked if she had not told her mother or sister that Miss Dolbeer had attempted to take her life by suicide when she was on an Alaskan trip. It was not shown that the witness was with her on the trip, and it was shown that the testimony, if elicited, would be hearsay, and the objection was therefore properly sustained. Objection was also sustained to evidence touching certain purported admissions of Miss Warren, tending to show that Miss Dolbeer was of insane mind at the time of her death and had committed suicide. For the reasons discussed in the *Estate of Dolbeer,* 149 Cal. 227, [86 Pac. 695], the rulings excluding these declarations were proper. On the former appeal it was held that these declarations were not receivable in evidence because they could not bind the other legatees, and the same rule holds whether the evidence was addressed to the mental unsoundness of the testatrix or to the question of undue influence. (*Eastis* v. *Montgomery,* 93 Ala. 293, [9 South. 311]; *Dale's Appeal,* 57 Conn. 127, [17 Atl. 757]; *Fothergill* v. *Fothergill,* 129 Iowa, 93, [105 N. W. 377]; *McConnell* v. *Wildes,* 153 Mass. 487, [26 N. E. 1114]; *Roberts* v. *Bidwell,* 136 Mich. 191, [98 N. W. 1000]; *Schierbaum* v. *Schemme,* 157 Mo. 1, [80 Am. St. Rep. 604, 57 S. W. 526]; *In re Campbell,* 67 App. Div. 418, [73 N. Y. Supp. 753]; *Clerk* v. *Morrison,* 25 Pa. St. 453; *Chaddick* v. *Haley,* 81 Tex. 617, [17 S. W. 233].)

There have thus been considered all of the objections presented by appellant embracing the alleged erroneous rulings of law, and, as has been seen, no one of them has any merit.

The court refused to grant a new trial sought upon the ground of newly discovered evidence. Passing over the objections of respondents to the consideration of these affidavits, because they were not served or filed within the time allowed by law, and considering them upon their merits, there is nothing therein contained which would have justified the court in granting a new trial, still less to demand a reversal of its order refusing a new trial. Certain of the affidavits go to alleged visits of Miss Warren and Miss Dolbeer to a fortune-teller known as Ismar. Some of these affidavits are of persons who saw one or two women supposed to be Miss Warren or Miss Dolbeer, or both, go to the fortune-telling rooms of Ismar. No one of these identifies them both. One of the affidavits declares that the affiant was introduced to Miss Warren. But again, upon the other hand, Miss Warren denies that she was ever at the rooms of Ismar, with or without Miss Dolbeer, and denies the introduction, and the affidavit of Ismar is to the same effect. It further appears that whatever may have been the merit or demerit of the Ismar matter, it was known to contestant and his attorney as early as September, 1904; moreover, that Miss Warren herself, upon the trial of the cause, was interrogated as to her dealings with Ismar. The whole question then is in dispute. It had no great significance, and there was a total lack of diligence established. A second matter relates to the affidavit of Dr. Fowler, a physician who attended Miss Dolbeer in New York just previous to her death. Dr. Fowler was dead when the motion for a new trial came on to be heard, and any disclosure in evidence by him of information acquired as a physician would have been in violation of subdivision 4 of section 1881 of the Code of Civil Procedure. The affidavit of Patrick L. Francis, a reporter upon a New York newspaper, simply related certain circumstances that he observed and statements that were made at the coroner's inquest. If admissible at all, the testimony would have been without pertinency or value. Motions for new trial upon the ground of newly discovered evidence are always subject to careful scrutiny by the court, and the decision rests in its

sound discretion. (*Spottiswood* v. *Weir*, 80 Cal. 448, [22 Pac. 289]; *Harralson* v. *Barrett*, 99 Cal. 607, [34 Pac. 342].) As has been said and shown, there was no abuse of discretion in denying the motion in this case.

For the foregoing reasons the order appealed from is. affirmed.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.