### E. F. ELMBERG CO. v. DUNLAP HARDWARE CO. (No. 574-4037.)

(Commission of Appeals of Texas, Section A. Dec. 20, 1924.)

1. Trial ⟨Key⟩255(13)—Failure to define "substantial compliance" not erroneous where no special charge giving such definition requested.

Failure to define "substantial compliance," in action for breach of warranty in sale of feed grinders, did not constitute error where no special charge was requested giving definition of such term.

2. Sales ⟨Key⟩267—Additional warranty that feed grinders would grind grain other than that stated in written warranty not implied.

Where both buyer and seller were in possession of same information as to work done by feed grinders, and written warranty in connection with advertising matter plainly stated grains that machines would successfully grind, and written warranty undertook to cover all grains that machines would properly grind, no additional implied warranty that machines would properly grind other and different grains could supplement written warranty on that subject.

3. Appeal and error ⟨Key⟩1062(5) — Submission of immaterial issue not reversible error.

Submission of issue, in action for breach of warranty in sale of feed grinders, whether machines having defective parts could have been corrected so as to operate as contemplated by the parties, if immaterial, was not reversible error.

4. Evidence ⟨Key⟩129(6)—Admission of evidence, in action for breach of warranty of machines sold, as to sales to others who made no complaint, held reversible error.

Admission of evidence, in action for breach of warranty of machines sold by reason of defective construction, that defendant had sold many more of them to others, and had no complaint of them, held reversible error.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by the Dunlap Hardware Company against the E. F. Elmberg Company. From a judgment of the Court of Civil Appeals, reversing a judgment for defendant (252 S. W. 1098), defendant brings error. Judgment of the Court of Civil Appeals affirmed.

W. H. Russell, of Hereford, J. V. Gregory, of Parkersburg, Iowa, and Barrett, Works & Stanfield, of Amarillo, for plaintiff in error.

Underwood & Jackson, of Amarillo, and Wm. M. Knight, of Hereford, for defendant in error.

CHAPMAN, J. Defendant in error, Dunlap Hardware Company, purchased from plaintiff in error, E. F. Elmberg Company, 750 each of Elmco feed grinders and Elmco belt attachments, designed to be used one in connection with the other to be attached to Ford automobiles for the purpose of grinding feed. The contract of purchase and sale between these parties was in writing, and in the contract was a written warranty as to the work that could be done with the machines; said warranty being in these words:

"The party of the first part guarantees that every machine will come up to and fulfill every claim made for it in the advertising matter used by first party and hereby promises to refund in full the purchase price for any machine sold by the second party in the territory above described that fails to come up to said guarantee. The first party also agrees to replace any defective parts in said machines due to defective workmanship, without charge to the party of the second part, provided that the transportation charges on said defective parts shall be prepaid to the factory at Parkersburg, Iowa."

The advertising matter mentioned in the warranty was very broad in the statement as to the work that could be done with these machines, and among other things stated that the machines would grind corn and oats, coarse or fine, would grind wheat into graham flour, and showed pictures of the machine in operation attached to a Ford car. Before the contract was entered into between the parties, representatives of the Elmberg Company and the Dunlap Hardware Company canvassed some of the territory in which these machines were to be sold, and gave demonstrations of the work that the machines would do in grinding feterita, milo maize, and kaffir corn, and in connection with these demonstrations took orders for about 300 of the machines. The Dunlap Hardware Company brought suit against the Elmberg Company on the written warranty, and on what was claimed to be an implied warranty that the machines would successfully grind feterita, milo maize, and kaffir corn. Plaintiff alleged that a large number of the machines were so poorly and defectively constructed that they did not perform the work that they were intended to perform, and that the advertising matter represented that they would do, and alleged that but for the poor workmanship in the machines that they would have performed the work for which they were intended. The defendant filed its cross-action for the unpaid price of the machines delivered by it to the plaintiff. The case was submitted to the jury on special issues, and they found, on an issue submitting that question, that five of the machines failed to substantially comply with the written warranty, and that all the other machines did substantially comply with the written warranty, and also found that the failure of the five machines to substantially comply with the written

warranty was due to defective workmanship, and that said five machines could have been made to operate substantially as contemplated by the parties by the substitution of undefective parts. The court found in favor of the defendant, Elmberg Company, for the unpaid balance due on the machines delivered to plaintiff. The case was by plaintiff appealed to the Court of Civil Appeals of the Seventh Supreme Judicial District, and by that court was reversed and remanded. 252 S. W. 1098.

[1] The first assignment of error claims that the Court of Civil Appeals erred in holding that the trial court erred in failing to define the term "substantial compliance." No special charge was prepared and requested giving a definition of this term, and, in the absence of such request, we are of the opinion that the trial court did not err in not defining it. In Chaddick, Executor, v. Halley, 81 Tex. 617, 17 S. W. 233, our Supreme Court had under consideration whether the trial court erred in failing to define the word "published" in the absence of a special charge requesting the court to define this term. The term was used in connection with the publishing of a will in the court's charge, and the court held that, in the absence of the request of the special charge, the trial court did not err in failing to define this term. In Ellerd v. Campfield (Tex. Civ. App.) 161 S. W. 393, it is held that the trial court did not err in failing to give a legal definition of "agreement," in the absence of any special charge requesting the giving of a definition of this term. In San Antonio & A. P. Ry. Co. v. Batte (Tex. Civ. App.) 163 S. W. 630, and Sullivan-Sanford Lumber Co. v. Watson et al. (Tex. Civ. App.) 135 S. W. 635, in which writ of error was denied, it was held that, no special charge having been requested defining the term "ordinary care" as used in the court's charge, the court did not err in failing to give a definition of this term.

[2] The second and third assignments of error complain that the Court of Civil Appeals erred in holding that the issue, as to whether or not the machines or any of them were fit and suitable for the use and purpose for which they were manufactured and sold, should have been submitted to the jury. Under this assignment plaintiff in error takes the position that, in view of the fact that a representative of plaintiff in error and the representative of defendant in error just prior to the time the contract was entered into made a canvass of some of the territory in which the machines were sold, and gave demonstrations of the grinding of feterita, milo maize, and kaffir corn, and that these were the principle grains raised in such territory, there was an implied warranty that the machines would properly grind these grains. Plaintiff in error and de-

fendant in error were in possession of the same information as to the work done by the machines in these demonstrations, and if the defendant in error desired that the warranty should cover the grinding of the feterita, milo maize, and kaffir corn, we can see no good reason why it did not have this condition placed in and made a part of the written warranty. The written warranty in connection with the advertising matter plainly states the grains that the machine would successfully grind, and, the written warranty having undertaken to cover the field as to the grains that the machines would properly grind, we do not think that an additional implied warranty that the machines would properly grind other and different grains could supplement the written warranty on this subject. Page on Contracts, vol. 1, § 392, p. 647, treats this subject in these words:

"Even where an implied warranty would usually exist, an express warranty excludes an implied warranty."

In Williston on Contracts, vol. 2, § 643, p. 1242:

"Where the writing contains an express warranty, proof of an additional parol warranty is also not allowed. This is most obviously a necessary conclusion where the parol warranty concerns the same quality or attribute of the goods as the written warranty."

This principle seems to be sustained in the following decisions: Fetzer v. Haralson (Tex. Civ. App.) 147 S. W. 290; Oltmanns Bros. v. Poland (Tex. Civ. App.) 142 S. W. 653; J. I. Case Threshing Mach. Co. v. Hall et al., 32 Tex. Civ. App. 214, 73 S. W. 835; J. I. Case Threshing Mach. Co. v. Manes (Tex. Com. App.) 254 S. W. 930; J. I. Case Plow Works Co. v. Niles & Scott Co., 90 Wis. 590, 63 N. W. 1013; Bucy et al. v. Pitts Agricultural Works, 89 Iowa 464, 56 N. W. 541; Wilson et al. v. Nichols & Shepherd Co., 139 Ky. 506, 97 S. W. 18; Walters et al. v. Akers et al. (Ky.) 101 S. W. 1179.

[3] The fourth assignment of error complains that the Court of Civil Appeals erred in holding that the following was an immaterial issue:

"Could the machines having such defective parts, if any you have so found, have been corrected and made to operate substantially as contemplated by the parties by the substitution of undefective parts for such defective parts?"

The Court of Civil Appeals held that this issue was immaterial, and that the court erred in submitting it; but did not say that this was reversible error, and, without the necessity of determining whether we agree with that court that this was an immaterial issue, we say that, if it were an immaterial issue, it was not reversible error for the court to submit it.

[4] The fifth assignment of error complains that the Court of Civil Appeals erred in holding that the trial court erred in permitting the witnesses, Gouldy, Dowden, and Elmberg, to testify in substance that they had manufactured and sold other machines like the ones under consideration, and that none of the purchasers of the other machines had ever made any complaint to them, or called their attention to any special defect, and that the witnesses themselves had never had any trouble with the cups or other parts of the machines which had been sold to other parties. Counsel for plaintiff in error insist that the trial court did not err in admitting this testimony for the reason that the defendant in error had attacked the machines upon the ground that they were constructed on a wrong mechanical principle. If this were true, this evidence would be admissible; but we have carefully examined the pleadings of the plaintiff in the trial court, and fail to find that they so attacked the machines, but find that their complaint is based upon the poor construction of the machines, and on the poor workmanship in making them, and that they were so poorly and badly constructed that they did not fulfill the claims made for them in the advertising matter. Plaintiff set out in detail the particulars in which said machines were so poorly constructed, and alleged that, if the grinders had been properly constructed as the demonstration machine was constructed, they would have performed the work as represented by the advertising matter mentioned in the written warranty, and under this construction of the pleadings of the plaintiff we think that the inquiry should have been confined to the particular machines involved in this case, and that the court erred in admitting this testimony. Our courts have held such testimony inadmissible in the following cases: Hill v. Hanan & Son, 62 Tex. Civ. App. 191, 131 S. W. 245; Stuart v. Kohlberg (Tex. Civ. App.) 53 S. W. 596; Haynes v. Plano Manufacturing Co., 36 Tex. Civ. App. 567, 82 S. W. 532; Bloom's Son Co. et al. v. Haas, 130 Mo. App. 122, 108 S. W. 1078. In Craver v. Hornburg, 26 Kan. 94, Justice Brewer, speaking for the court in a case similar to the one under consideration, used this language:

"Now, over the objection of plaintiffs, the defendant was permitted to show that other machines bought from the plaintiffs manifested a defect similar to that charged against this machine. We think in this respect the scope of the inquiry was improperly enlarged. It is nowhere pretended that the Randolph header as a machine was unfit for the purpose for which it was designed; the claim was that this particular header was so defectively constructed that it would not do the ordinary work of such machines. Now it does not tend to prove that this machine was defectively constructed, to show that some other machine was also similarly defective."

Under the disposition made by us of the assignments of error already considered, the question raised in the sixth and last assignment of error becomes immaterial. The Court of Civil Appeals held that the trial court erred in admitting the testimony discussed under the fifth assignment of error, and having held same to be reversible error, and having reversed and remanded the case, and we having agreed with the Court of Civil Appeals that the admission of said testimony was error, we do not feel disposed to disagree with said court in their holding that this constituted reversible error.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.