GALVESTON, H. & S. A. RY. CO. v. KURTZ.

(Court of Civil Appeals of Texas. San Antonio. May 1, 1912. Rehearing Denied May 29, 1912.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

A matter not urged by the propositions under assignments of error is abandoned for the purposes of the assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. MASTER AND SERVANT (§§ 204, 228*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK—RAILROADS.

The defenses of assumption of risk and contributory negligence are expressly denied a railroad company by Acts 31st Leg. c. 26, § 5, where its employé is injured by its using in intrastate commerce a car with an insecure handhold, as they are denied it by the Safety Appliance Act of Congress, enacted in 1893 (Act March 2, 1893, c. 196, 27 Stat. 531) and amended in 1896 (Act April 1, 1896, c. 87, 29 Stat. 85 [U. S. Comp. St. 1901, p. 3174]), and U. S. Comp. St. Supp. 1909, pp. 1172, 1173, where the accident occurs while the car is being used in interstate commerce.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546, 670, 671; Dec. Dig. §§ 204, 228.*]

3. MASTER AND SERVANT (§§ 101, 102*)—INJURY TO SERVANT—CARE REQUIRED OF MASTER—STATUTES.

Under Acts 31st Leg. c. 26, § 5, making it unlawful for a railroad company to use in intrastate commerce a car not provided with sufficient and secure handholds, and denying it the defenses of contributory negligence and assumption of risk, where its violation of the act contributed to an employé's injury, it is not enough for the company to exercise ordinary care to have and maintain secure handholds, but it must do all things possible to that end.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. §§ 101, 102.*]

4. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTS.

While, where the court omits to submit an issue to the jury, a mere request for it to do so, without framing and submitting an instruction and asking that it be given, may be enough, yet where the charge has submitted the issue, and correctly, so far as it goes, and the only complaint of it is its generality, a party desiring a more definite charge must prepare and submit one.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

5. APPEAL AND ERROR (§ 882*)—INVITED ERROR—INSTRUCTIONS.

A specific charge, prepared and asked by a party, having been given, he cannot complain that the court was not more specific.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

6. MASTER AND SERVANT (§ 124*)—INJURY TO SERVANT — NEGLIGENCE—USE OF DEFECTIVE CARS.

Using in intrastate commerce a car with a defective handhold, made unlawful by Acts 31st Leg. c. 26, § 5, whereby an employé was injured, was negligence per se, irrespective of inspection.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. § 124.*]

7. TRIAL (§§ 240, 194*)—INSTRUCTIONS—ARGUMENTATIVENESS—WEIGHT OF EVIDENCE.

A requested charge, being argumentative and on the weight of evidence, is objectionable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 561, 413, 436, 439–441, 446–454, 456–466; Dec. Dig. §§ 240, 194.*]

8. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

A risk ordinarily incident to the servant's employment, to refusal of instruction on which assignment of error is made, is different from risk from obvious defect or obvious failure to properly inspect known to the servant, to which the proposition under the assignment, confining appellant thereto, is addressed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

9. DAMAGES (§ 214*)—INSTRUCTIONS.

A requested charge, in a servant's action for injury, that though without fault on his part he was injured through defendant's negligence, yet if, negligently or with intent on his part or that of his physician to produce such effect, he used a treatment bringing about a debilitating condition, he could recover nothing, is bad as depriving plaintiff of right to recover the damages not due to the improper treatment.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 542; Dec. Dig. § 214.*]

Appeal from District Court, Kinney County; W. C. Douglas, Judge.

Action by D. M. Kurtz against the Galveston, Houston & San Antonio Railway Company. Judgment for plaintiff. Defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, John J. Foster, of Del Rio, Frank Lane, of Brackettville, Boggess & Smith, of Del Rio, and W. B. Teagarden, of San Antonio, for appellant. Jones & Thurmond, of Del Rio, and H. C. Carter and Perry J. Lewis, both of San Antonio, for appellee.

JAMES, C. J. This action was for damages for personal injury alleged to have been received by appellee, a brakeman, from a fall caused by the breaking of a handhold on a car alleged to have been insecurely fastened and defective. Appellant urged special exceptions to the petition, general denial, and pleas of assumed risk and contributory negligence. There was a verdict for plaintiff for $22,500, reduced by remitti-

tur to $20,000 by requirement of the trial court.

The first assignment of error is that the court erred in not giving a peremptory instruction for defendant, and the second complains of the refusal of a new trial, specifying that it appears from the undisputed facts, or from the overwhelming weight of the facts: First, that the car in question was a foreign car, which had been recently and carefully inspected and found in good condition, and that the missing nut, which was the only defect, was evidently removed by some one after the car left the inspection point, and it appears without doubt that due inspection had been observed to ascertain defects and keep the car in repair, and there was no negligence on the part of defendant; second, that it appears from plaintiff's own testimony that the accident was due in whole, or in part, to his own negligence in the manner in which he acted and in going down the ladder as he did; third, that it was due to an assumed risk and to a risk ordinarily incident to plaintiff's employment; and, fourth, that the verdict was contrary to the evidence for the above reasons.

[1] The propositions under these assignments do not urge, and therefore abandon for the purposes of the assignments, the contention that plaintiff was guilty of contributory negligence, but they do insist upon the absence or insufficiency of the testimony to show negligence of defendant, and that the testimony was undisputed or overwhelmingly showed assumed risk.

[2] In so far as defendant's negligence and the assumed risk of the plaintiff are concerned: The accident occurred after the passage of our state statute enacted in 1909 (Acts 1909, p. 65, § 5) which provides, in the case of railroad companies: "That from and after January 1, 1910, it shall be unlawful for any common carrier engaged in commerce as aforesaid (intrastate commerce) to use, in moving intrastate traffic within said state, any locomotive, tender, car or similar vehicle which is not provided with sufficient and secure grabirons, hand-holds and foot stirrups; * * * and that any employé of any common carrier engaged in commerce as aforesaid who may be injured or killed, shall not be held to have assumed the risks of his employment or to have been guilty of contributory negligence if the violation of such carrier of any provision of this act contributed to the injury or death of such employé." The Safety Appliance Act of Congress enacted in 1893 and amended in 1896 provides that it shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grabirons or handholds; and provides that any employé injured on any car in use contrary to the provisions of this act shall not be deemed to have assumed

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the risk, although he had full knowledge. The act of Congress of 1909 made contributory negligence also unavailable as a defense, which under the prior acts had remained a defense. Schlemmer v. Railway, 220 U. S. 590, 31 Sup. Ct. 561, 55 L. Ed 596; U. S. Comp. St. Supp. 1909, pp. 1172, 1173. Another of our state statutes (Laws of 1909, p. 280, § 3) enacts: "That any action brought against any common carrier under and by the provisions of this act to recover damages for injuries to or the death of any of its employés, such employé shall not be held to have assumed the risks of his employment in any case where the violation of such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé." Another state statute (Acts of 1905, p. 386) makes the defense of assumed risk of a defect or danger dependent upon whether or not ordinary care was exercised by the employé in proceeding with his work with knowledge of the defect or danger.

Inasmuch as the propositions of appellant under these assignments do not deal with the matter of contributory negligence, and the acts above referred to clearly exclude the defense of assumed risk of such a defect in the car as existed in this case, nothing remains to be considered, in connection with them, but the fact of defendant's negligence and proximate cause.

We need not, for the purposes of this appeal, go so far as to hold that all the testimony showed that the handhold in question was defective and insecurely fastened and gave way, injuring plaintiff, for the reason that it is enough to say that the testimony amply supports such fact, if not conclusively, and the court submitted it to the jury, who found accordingly.

We add, however, that it is immaterial whether or not this train be deemed to have been engaged in state or interstate traffic. This accident occurred in 1911, and the federal statutes in force then and since 1909 not only made it the absolute duty of the railway company to have the car in use equipped with secure handholds, regardless of the question of reasonable care to have and keep them secure, but where the injury to the employé happens from an insecure handhold, they deny to the employer the defenses of assumed risk and contributory negligence. Delk v. St. Louis & S. F. Ry. Co., 220 U. S. 580, 31 Sup. Ct. 618, 55 L. Ed. 590.

There can be no question that our state statute of 1909, above quoted from, likewise denies these defenses.

[3] Railway companies, under these statutes, are required to do more than exercise ordinary care to have and maintain secure handholds, etc. They are required to do more than exercise a high degree of care. They are required to do all things that are possible to that end, even if they have for that purpose to keep inspectors on every train they move. Under these statutes, there would seem to be no defense available, unless it be that the plaintiff himself deliberately caused the handhold, which gave way and injured him, to be insecure.

Said assignments are overruled.

[4] Appellant, in the brief, groups assignments 3, 4, and 5, which complain that the following request of defendant was not complied with: "Before the reading of the main charge to the jury, and in due time, defendant filed and urged its exceptions thereto, and request for more complete charge, as follows: Now comes defendant by attorneys, and after the writing of the main charge, and before the reading of the same to the jury, before submission of any special requests except defendant's charge No. 1, and now objects to the main charge because of defenses of defendant, and particularly the rule of law governing the defenses of *assumed risk and contributory* negligence, and the rule of care due by the defendant to plaintiff, under the pleadings and facts and of damages, are insufficiently and incompletely submitted, in that these issues are submitted in general terms only, and the rules of law are not applied to the facts on either issue, and defendant now requests that the rules of law above referred to be fully and explicitly defined and applied to the facts, so that the jury may be adequately instructed, and that the charge also contain an explicit definition of proximate cause. Defendant now excepts to the general charge for reasons above set out, and requests that same be amended as above set out."

Our view of the practice is that, where the court omits to submit an issue to the jury, the party should request its submission, and this is ordinarily done by framing an instruction submitting it and asking that it be given. It has frequently been held, however, that where this is done, but the requested charge submitting the issue is defective, it amounts to a request for a proper charge, and the court should prepare and give one submitting the issue, and such failure may be assigned as error. It would seem to follow from this that a mere request for the court to submit an omitted issue would be sufficient. Granting this, the request above copied did not relate to issues omitted from the charge, but asked in general terms for amplifications of what was given, and left the court in darkness as to just what was desired. We hold that as all the issues which the motion referred to were comprehended in the charge, and correctly so, so far as they went, this not being questioned by the motion, the court was not required to undertake to comply with a motion of this indefinite kind. The charge is not attacked by these assignments as erroneous; it embraced and charged upon every issue mentioned in the motion; and defendant, in our opinion, was required, if

it desired to question the charge for mere matter of its generality, to prepare and submit to the court the more definite charge or charges desired. Jacksonville Ice Co. v. Moses, 134 S. W. 383; Allen v. Allen, 128 S. W. 697; Railway v. Cullers, 81 Tex. 394, 17 S. W. 19, 13 L. R. A. 542; Railway v. Ochiltree, 127 S. W. 585. The practice undertaken by this motion, if permitted, would become a favorite method of putting the court in error, without having afforded it a fair opportunity of being apprised of what was really desired.

[5] However, in this case, the two issues alleged to have been submitted too generally by the main charge were assumed risk and contributory negligence, and upon both subjects the court gave specific charges that defendant prepared and asked. The court certainly could not have been expected to be more specific than defendant itself desired. These remarks apply to the sixth assignment. All are overruled.

[6, 7] The seventh complains of the refusal of the following charge: "The court erred in refusing to give to the jury defendant's special charge No. 3, which charge, caption and signature omitted, reads as follows: 'You are further charged, gentlemen, that the law, as it applies in this case, and as stated in the main charge, does not impose upon a railroad company the highest degree of care with respect to its appliances, but requires only such care as a person of ordinary care would exercise under the same or similar circumstances to keep its appliances in a reasonable degree of safety, and the mere happening of an accident, or finding of a defect, such as are charged in this case, is not in itself proof of negligence, for such things might arise from causes and conditions that would escape the detection of a person of ordinary care. Applying this rule of law to the facts in this case, you are charged that, even though you should find and believe that there was a defect in the handhold, such as charged, and that injury resulted to plaintiff because of it, nevertheless, if defendant's servants made inspection of the handhold at Houston and San Antonio, such as a person of ordinary care would have made, under all the circumstances, taking the age, kind, nature, and condition of the car and appliances into account, and found no defects in it, and a person of ordinary care would have treated and considered such care and inspection as reasonably sufficient, then you will return a verdict for defendant.' " The proposition under it is: "The court erred in refusing to submit this charge, because the main charge was incomplete, in that it referred to the defensive issues in the most general manner only, and was wholly inadequate as a guide to the jury on the defenses. Appellant had the right, under such circumstances, to have the law applied to the particular facts pertinent

to its defenses, and to have its theory of the case fairly submitted as this requested charge did."

We think the statutes above referred to made the use of the car with the defect in the handhold negligence per se. Hence the requested charge, based on a finding of defective handhold, was properly not given. The matter of inspection did not enter into the liability of defendant. If inspection had been a proper subject of consideration in connection with defendant's liability, the charge as requested was objectionable as argumentative and upon the weight of evidence.

It follows that the court was not called on to give any charge on the subject, and we overrule this and the eighth assignment.

[8] The ninth assignment complains of the refusal of a charge on assumed risk on the theory of risk being one ordinarily incident to plaintiff's employment. The proposition under it—and to this appellant should be confined—is addressed to risks of danger from obvious defect, or obvious failure to properly inspect, known to plaintiff, which are risks manifestly different from risks ordinarily incident to the servant's employment. However, under the statutes we have referred to, there was no question of assumed risk in the case at all. This disposes likewise of the tenth.

The eleventh complains of the amount of the verdict, in that all the facts and circumstances show that plaintiff was a malingerer, and in this case was perpetrating a fraud on defendant. This, the evidence does not permit us to find against the conclusions of the jury.

[9] The twelfth complains of the refusal of this charge: "You are further charged, gentlemen, that even though you should find and believe from the facts in this case that there was negligence on the part of defendant respecting the handhold in question, as alleged, and that without fault on his part plaintiff received injuries therefrom, nevertheless, should you further find and believe that plaintiff's own physician prescribed and caused to be applied to his back applications of iodine in such quantity and frequency as to materially contribute to bringing about a debilitated or abnormal condition of body, constitution, health, or limb of plaintiff, if any, then, and in that event, if such prescription or direction was followed, with the intent on the part of either of them to produce or contribute to producing such effects, or if this was knowingly and negligently done or permitted by plaintiff, then plaintiff cannot recover anything in this case, and, should you so find, you will return a verdict for defendant." This charge, if given, would have authorized a verdict for defendant as to any and all damages, including such as were not due to the improper treatment or intent referred to.

We find that the court gave another request-. ed by defendant, which properly dealt with the subject.

In conclusion, we may say that the court submitted in the main charge the issue of negligence of defendant, and of contributory negligence of the plaintiff; and gave a charge asked by defendant forbidding a recovery by plaintiff if the jury found that the handhold was insecurely fastened, but the defect was patent and open to common observation, so that plaintiff in the exercise of ordinary care for his own preservation must have discovered it; or if plaintiff, in using the handhold, failed to exercise ordinary care, in doing so, for his own protection. These charges were more favorable to defendant than it had a legal right to. As based on these charges, the verdict is sustained by the testimony.

The judgment is affirmed.