GALVESTON, H. & S. A. RY. CO. v. ROEM-
ER. (No. 5372.)†

(Court of Civil Appeals of Texas. San Antonio.
Jan. 20, 1915. Rehearing Denied
Feb. 17; 1915.)

1. APPEAL AND ERROR ☞1033—REVIEW—ER-
RORS FAVORABLE TO APPELLANT.

In an action for injuries to a railway em-
ployé due to a handhold on a car giving way,
where the evidence showed conclusively that the
handhold was insecure, if not insufficient, the
submission of an issue whether the handhold
was insufficient and insecure did not harm de-
fendant, even though there was no evidence that
it was insufficient; the jury having been requir-
ed to find that it was both insufficient and inse-
cure before finding for plaintiff.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ☞
1033.]

2. MASTER AND SERVANT ☞265—ACTIONS FOR
INJURIES—DEFENSES.

Under Rev. St. 1911, art. 6713, making it
unlawful for carriers to use within the state
any car not provided with sufficient and secure
grabirons, handholds, and foot stirrups, a person
injured by reason of a defective handhold is not
required to prove that the particular handhold
which caused the injury was necessary to the
convenience of trainmen; and, if defendant con-
tends that such handhold was not for the use
of brakemen, this matter should be pleaded by
it as a defense.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig.
☞265.]

3. TRIAL ☞255—INSTRUCTIONS—NECESSITY OF
REQUESTS.

In an action for injuries to a railway em-
ployé claimed to have been due to an insecure
handhold, where the charge failed to define the
word "secure," if defendant wanted it defined
it should have offered a special charge.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 627–641; Dec. Dig. ☞255.]

4. MASTER AND SERVANT ☞111 — LIABILITY
FOR INJURIES — APPLIANCES — STATUTORY
PROVISIONS.

Where a railway employé, in the perform-
ance of his duty, mounted a car to let out the
brakes, but instead of descending from that car
walked along the running board for one or two
car lengths, and then undertook to descend for
the purpose of performing a duty requiring him
to be on the ground, and was injured by a hand-
hold giving way, the handhold statute (Rev. St.
1911, art. 6713) applied, as he was in the per-
formance of his duties, and it cannot be held
that the statute does not protect an employé
unless the use of the defective handhold, at the
time of his injury, was required in the exercise
of the best judgment which could be brought
to bear in the performance of his duties.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 215–217, 255; Dec. Dig.
☞111.]

5. APPEAL AND ERROR ☞742—ASSIGNMENTS
OF ERROR—PROPOSITIONS.

An assignment of error, complaining of the
denial of a peremptory instruction, could not be
submitted as a proposition, where it involved
many propositions.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

6. MASTER AND SERVANT ☞289 — LIABILITY
FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

Where railway brakemen used end and
side ladders, indiscriminately using whichever
happened to suit them best, the use of an end
ladder instead of a side ladder was not contrib-
utory negligence, as a matter of law.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 1089, 1090, 1092–1132;
Dec. Dig. ☞289.]

7. MASTER AND SERVANT ☞106—LIABILITY
FOR INJURIES — APPLIANCES — STATUTORY
PROVISIONS.

Rev. St. 1911, art. 6713, prohibiting car-
riers from using cars not provided with suffi-
cient and secure grabirons and handholds, ap-
plies to any car used for transporting local
freight between points in this state, whether the
car belongs to the carrier using it or not.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 193–198; Dec. Dig. ☞
106.]

8. TRIAL ☞251—INSTRUCTIONS—CONFORMITY
TO PLEADINGS.

Special instructions, not justified by the
pleadings, were properly refused.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 587–595; Dec. Dig. ☞251.]

9. EVIDENCE ☞544 — OPINION EVIDENCE —
TESTIMONY OF EXPERTS.

In an action for personal injuries, the opin-
ion of a physician that the injured person's
condition was caused by the injury was prop-
erly admitted, though he had previously stated
that he suspected it was so caused, and had
some difficulty in determining whether that was
his opinion or merely a suspicion.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. § 2356; Dec. Dig. ☞544.]

10. DAMAGES ☞132—EXCESSIVENESS — PER-
SONAL INJURIES.

Where a railway employé, 27 years old,
sustained injuries causing epilepsy and making
him an invalid for life, his affliction being such
as to cause him constant dread, mental depres-
sion, and much suffering, a verdict for $20,000
was not excessive.

[Ed. Note.—For other cases, see Damages,
Cent. Dig. §§ 372–385, 396; Dec. Dig. ☞
132.]

Appeal from District Court, Bexar County;
R. B. Minor, Judge.

Action by A. G. Roemer against the Galves-
ton, Harrisburg & San Antonio Railway Com-
pany. From a judgment for plaintiff, defend-
ant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Hous-
ton, and Templeton Brooks, Napier & Ogden,
and Ed W. Smith, all of San Antonio, for
appellant. C. C. Harris and Arnold, Cozby
& Peyton, all of San Antonio, for appellee.

MOURSUND, J. Appellee sued appellant
for damages, alleging that on October 12,
1912, he was an employé of appellant, and
had occasion, in the discharge of his duties,
to be on top of some cars and to descend
therefrom; that in attempting to descend he
placed his foot upon a handhold, which gave
way, precipitating him to the ground, and
causing him serious and permanent injuries;
that the handhold was insufficient and in-
secure; and that defendant was negligent
in having and permitting it to be in that con-
dition.

"Defendant admitted that plaintiff was in its
employ as stated, and that he met with an ac-
cident at Weimar on the occasion mentioned;
denied knowledge as to how the accident hap-

pened, and denied that plaintiff was injured as alleged; denied that plaintiff was in the discharge of the duties of his employment at the time the accident occurred, and averred that he had no business on the car and no reason to descend therefrom; admitted that the bolt which held the handhold in place at one end was rusted nearly in two at the place where the bolt came out of the wood of the car, and that the bolt broke at that place; averred that the defect in the bolt was covered up by the end of the handhold and was not discoverable and was unknown to defendant; averred that the car was not constructed or owned by it, but was constructed and owned by a foreign company and had come on its line shortly before the accident in the ordinary course of business, and that defendant had used all practicable care to have same in proper condition."

The court instructed a verdict for plaintiff, if the jury found that he fell and was injured as alleged and that the handhold was insufficient and insecure, and that this was the cause of the accident; the issue of negligence not being submitted. The trial resulted in a verdict and judgment in favor of plaintiff for $20,000.

The first seven assignments of error raise questions disposed of by us adversely to appellant's contention in the case of G., H. & S. A. Ry. Co. v. Enderle, 170 S. W. 276. Said assignments are therefore overruled without further discussion.

[1] By assignments 8 and 9 appellant contends that there was no evidence that the car was not equipped with sufficient handholds, and therefore the court erred in his charge in basing plaintiff's right to recover upon the jury's finding that the handhold was insufficient and insecure. The issue was not submitted whether the car was equipped with a sufficient number of handholds, but whether the particular handhold was insufficient and insecure, and the jury was required to find that it was both insufficient and insecure, before returning a verdict in favor of plaintiff. As the evidence conclusively showed that the handhold was insecure, if not insufficient, which alone entitled plaintiff to recover, the charge, if erroneous, did not harm appellant. The assignments are overruled.

[2, 3] Appellant contends that the evidence was not sufficient to justify the court in assuming that the handhold in question was one required by the state handhold statute. We do not think the court erred in assuming that the statute applies to all handholds placed upon cars. It was never intended that those injured by reason of a defective handhold would be required to prove that such handhold was necessary for the convenience and safety of trainmen; in other words, that, if double the necessary number of handholds should be placed upon a car, the injured person would have to show that the particular one which caused the injury was necessary to the convenience of trainmen. If appellant desired to contend that the handhold in question was not for the use of brakemen, and that appellee violated a rule by using same, such matter should be pleaded as a defense. We have heretofore held that the exercise of ordinary care does not meet the requirements of the statute. Railway v. Enderle, supra; Railway v. Kurtz, 147 S. W. 658. The charge did not assume that handholds would have to be fastened so as not to pull out, no matter what force was applied thereto or how such force came to be applied. No court or jury would expect the obviously impossible to be accomplished. The charge did not define the word "secure"; and, if appellant wanted it defined, it should have offered a special charge. In this case the force applied to the handhold was not unusual, and no issue was raised as to the use of unusual force. Assignments 10 to 14, inclusive, are overruled.

[4] The further contention is made that the court erred in authorizing a recovery on the ground that the case was governed by the handhold statute; the theory being that the evidence shows there was no occasion or necessity for plaintiff being on the car in question or for him to descend therefrom or to use the defective handhold, and therefore he was not acting in the line of his duty, and was acting outside the scope of his employment. The evidence shows that plaintiff, in the performance of his duty, mounted a car to let out the brakes. He did not descend from that car, but walked along the running board one or two car lengths, and then undertook to descend for the purpose of performing a duty which required him to be on the ground. The evidence shows that the brakemen were allowed to exercise their discretion as to handholds they should use and cars they should ascend and descend. It cannot be held that the handhold statute does not protect an employé, unless the use of the defective handhold at the time of his injury was required in the exercise of the best judgment which could be brought to bear in the performance of his duties. He was in the performance of his duties, and the handhold statute applied. Assignments 15 and 16 are overruled.

[5] The seventeenth assignment complains of the overruling of the request for a peremptory instruction for defendant, many reasons being pointed out; and, while the assignment is sought to be submitted as a proposition, it cannot be so considered because it involves many propositions. The proposition submitted under same asserts two contentions, both of which have already been considered and found without merit. The assignment is overruled. The same proposition is the only one submitted under the eighteenth assignment and said assignment is overruled, also the twentieth and twenty-second which raise the same issue.

[6] The twenty-first assignment again asserts that plaintiff was not acting within the scope of his authority, and in addition the contention is made that the evidence

shows contributory negligence in that he descended the end ladder instead of the side ladder, without having hold of anything, and without taking any precautions to prevent an accident. The evidence shows that the brakemen used the end ladder and the side ladders indiscriminately; that is, used whichever happened to suit them best; and it cannot be said that the evidence would sustain a finding of contributory negligence, as a matter of law. It further appears that contributory negligence was not pleaded.

[7] By the nineteenth assignment it is contended that the car was not owned or constructed by defendant, but was constructed and owned by a foreign company; that defendant had the car and handhold properly inspected a short time before the accident happened, and no defect in the handhold was discovered, and in fact the defect was latent and not discoverable by inspection, and therefore defendant was not guilty of any breach of duty to plaintiff on account of the condition of the handhold. The evidence does not show conclusively that a proper inspection would not have revealed the defect in the handhold; but aside from that, when a railroad company uses a car, no matter who it belongs to, for transporting its local freight between points in the state, the provisions of article 6713 (Revised Statutes 1911) are applicable. The assignment is overruled.

[8] The court did not err in refusing to give special charge No. 5 and special charge No. 8, relating to contributory negligence. There were no pleadings to justify these charges. Besides, there was no evidence from which the jury could find that plaintiff was negligent in going upon the car from which he was descending when injured. Assignments 23, 24, 25, and 26 are overruled.

[9] The twenty-seventh assignment relates to testimony of Dr. G. Schults, who had great difficulty in determining whether he merely suspected that the plaintiff's fall and injury caused the condition in which he found him or whether it was his opinion that such was the case. He finally stated it was his opinion, and the court permitted the testimony to stand. His opinion was admissible; and, while his statements that he suspected weakened the force of his testimony, we see no reason for excluding same, when he finally decided that it was his opinion, and not a mere suspicion. The twenty-seventh and twenty-eighth assignments are overruled.

[10] The verdict is attacked as excessive. The case is peculiar, and there was presented to the jury a great mass of testimony pro and con upon the question whether appellee feigned the symptoms of epilepsy or whether he really suffered from terrible convulsions. This question was solved in his favor, and we must take it for granted that he is afflicted as he claims to be. If the testimony in his favor is true, at the age of 27 he received injuries which make him an invalid for life; and his affliction is such as to cause him constant dread, mental depression, and much suffering. We cannot say the verdict is excessive.

The judgment is affirmed.