**KAROTKIN FURNITURE CO. v. DECKER.**

**No. 1559—5894.**

Commission of Appeals of Texas, Section A.

June 9, 1932.

Thomas, Frank & Grady and L. M. Patterson, all of Dallas, for plaintiff in error.

Eskridge & Groce, of San Antonio, for defendant in error.

CRITZ, J.

We designate the parties to this suit in the order in which they appeared in the district court; Billy Decker, as plaintiff, and Karotkin Furniture Company, a private corporation, as defendant.

The plaintiff, a minor, by and through his next friend, sued the defendant in the district court of Bexar county, Tex., for damages for personal injuries arising out of his having been run over by a truck owned and operated by the defendant. The case was submitted to a jury on special issues, and in response thereto the jury found negligence on the part of the truck driver, resulting injuries to the plaintiff, and damages in his favor in the sum of $6,000. Judgment was entered accordingly. Defendant appealed to the Court of Civil Appeals at San Antonio, which court affirmed the judgment of the district court. 32 S.W.(2d) 703. The defendant brings error.

The defendant's first assignment of error is as follows:

"The Court erred in overruling the appellant's eighteenth assignment of error, which is as follows:

" 'The Court erred in instructing the jury and failing to define negligence, ordinary care, contributory negligence, burden of proof, preponderance of the evidence and proximate cause, because each of said definitions are necessary for the jury to answer the questions that should be submitted to the jury, in an intelligent manner, as set out in defendant's second objection to the Court's main charge !' "

The Court of Civil Appeals overruled the above assignment because it was not properly briefed. The brief as to this issue is certainly subject to the criticism leveled against it by the opinion of the Court of Civil Appeals, and that court did not err in refusing to consider it.

A casual reading of this assignment discloses that it is multifarious, in that it attempts to present six alleged errors in one assignment. Of course, this violates the rule requiring each error relied upon to be separately and distinctly specified and that no assignments shall express more than one specification of error. Tex. Jur. vol. 4, p. 855 et seq. We are aware of the fact that multifarious assignments have frequently been considered by the appellate courts when the ends of justice required. Tex. Jur. vol. 4, p. 857. Should the Court of Civil Appeals see fit to consider such assignment, we would be very slow to say that they had abused their discretion.

■ In spite of the fact that this assignment is improperly briefed and multifarious, we have gone to the trouble to examine the charge to ascertain if it is subject to any of the objections included therein. The examination discloses that the charge does define proximate cause and burden of proof. The charge does not give a direct definition of negligence and ordinary care, but the question submitting such issue is so constructed as to constitute a definition within itself. The record shows conclusively that this plaintiff, at the time of his injury, was a child under three years of age, a mere baby. Of course, he could not be guilty of contributory negligence, and therefore there was no issue of contributory negligence in the case. No person is here attempting to recover damages except the injured child himself. The term "burden of proof" is not defined, but it needed no definition. It is a term of such common use that it cannot be supposed, under the facts of this record, that the jury did not understand it. Stine Oil & Gas Co. v. English (Tex. Civ. App.) 185 S. W. 1009.

■ The defendant contends that the charge defining "proximate cause" is erroneous. The charge is as follows: " 'You are instructed that the term, "proximate cause" as that term is used in this charge, means the moving and efficient cause, without which the injuries in question would not have happened; an act or omission becomes the proximate cause of an injury whenever such injury is the natural and probable consequence of the act or omission in question, and one that ought to have been foreseen by a person of ordinary care and prudence in, the light of the attending circumstances. It need not be the sole cause, but it must be a concurring cause, which contributed to the production of the result in question, and but for which the said result would not have occurred.' "

The Court of Civil Appeals held the above charge correct on its face, and further held that the brief of the defendant pointed out nothing in the record that would render it erroneous in this particular case. We sustain the Court of Civil Appeals in this ruling. There is nothing erroneous in the above charge when considered as an abstract proposition of law. If there is anything in this record which would constitute such charge erroneous as applied to this case, it is not pointed out by the defendant.

■ By assignment of error, which for the purposes of this opinion we will treat as sufficient, the defendant asserts that reversible error was committed because counsel for the plaintiff in his argument to the jury told them that the furniture company thought the case of sufficient importance to get the best lawyer in Texas to defend it. It seems that counsel for the defendant had argued to the jury that the injuries sustained by this child were trivial, and that damages amounted to no more than $100. In reply to this counsel for plaintiff recounted to the jury the testimony showing the seriousness of the plaintiff's injuries and, in the course of such remarks, among other things said to the jury: "Of course I will admit that Mr. Frank put it in a free and easy manner before you all, but if you are going to do any gambling on the question, are you going to gamble against the little boy, and in favor of the corporation that thought this case was so serious that they had to send up to Dallas to get the best lawyer in Texas to defend it?" The argument then proceeds to recount to the jury certain evidence showing the seriousness of the plaintiff's injuries. As we understand the contention of the defendant, it is that the statement to the effect that the defendant thought the case was so serious that it had to send to Dallas to get the best lawyer in Texas to defend it was inflammatory, outside the record, and not supported by the record. It may be that this argument was not exactly proper, but we are of the opinion that it is too trivial to be allowed to reverse this case. No jury could possibly be influenced by such argument.

■ By another assignment of error defendant contends that counsel for the plaintiff committed reversible error in making the following argument to the jury: "Gentlemen, no sum of money could compensate me for having my skull fractured, and having to stand two or three operations, teeth knocked out and eyes crossed."

In our opinion this argument was not improper. The record in this case shows that this little boy was grievously injured. There was ample testimony to support the argument with reference to the plaintiff's skull having been fractured, his having had to stand two or three operations, his teeth knocked out, and his eyes crossed. The record is further sufficient in law to show that he suffered great pain for weeks. Certainly no sane person would be willing to sustain such injuries and go through such suffering for any amount of money, and we can see no injury in counsel arguing such obvious fact to the jury.

Counsel for the furniture company contend that the above argument violates the rule announced in Southwestern T. & T. Co. v. Andrews (Tex. Civ. App.) 169 S. W. 218. We do not think so. In the Andrews Case, supra, it is shown that John V. Andrews recovered a judgment against the telegraph and telephone company for $750 as damages for mental anguish alleged to have been sustained by him as the result of the negligence of the telegraph and telephone company in failing to transmit a telephone call, the purpose of which was to inform Andrews of the death of his half-sister. In his argument to the jury Andrews' attorney stated that the jury should allow such damages as would compensate them for the grief they would have suffered under the same circumstances. Of course, such argument was error. The extent of Andrews' mental anguish determined the damages, not the extent of the mental anguish that some other person would have suffered. In the case at bar no such request was made to the jury; they were simply told an obvious fact.

We have carefully examined the other assignments presented in the application, and in our opinion none of them present any matter that ought to reverse this case.

We recommend that the judgment of the Court of Civil Appeals which affirms the judgment of the district court be affirmed.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.