## INTERNATIONAL–GREAT NORTHERN R. CO. v. MINER.

### No. 2256.

Court of Civil Appeals of Texas. Beaumont.

Oct. 13, 1932.

Andrews, Streetman, Logue & Mobley, of Houston, and Foster & Williams, of Conroe, for plaintiff in error.

Pitts & Liles, of Conroe, for defendant in error.

O'QUINN, J.

This suit was instituted by defendant in error against plaintiff in error in the justice court, precinct No. 3, of Montgomery county, Tex., to recover $135 as the value of two cows alleged to have been negligently killed by plaintiff in error, and for $20 as attorney's fees.

Judgment in the justice court was for defendant in error for the amount sued for. The case was appealed to the county court of Montgomery county. Plaintiff there answered by general demurrer, several special exceptions, general denial, and specially that the killing of the cows occurred (a) at a place where the railroad was not required to fence its track; (b) that the killing of the cows occurred within switch limits and contiguous grounds at Fetzer, a flag station on plaintiff in error's road where public necessity and convenience required the railroad to be left unfenced, and where, by law, public necessity and convenience required the railroad to be left unfenced, and where the railroad was not required to fence and could not fence same; (c) that the cows were killed where the safety of the railroad's employees and the convenience of the public required the railroad to be left unfenced; and (d) that the place where the cows were killed was where a sawmill was operated and where a number of persons were employed by the mill and where it was necessary to leave the railroad unfenced for the operation of the mill and the loading of cars, and for the convenience of the citizens of that community who patronized the mill, and that it was necessary that the railroad be left unfenced for the convenience and safety of the railroad's employees.

The cause was tried to the court without a jury, and judgment entered for defendant in error for $135, the value of the cows, and for $20, attorney's fee. The railroad, plaintiff in error, brings this appeal.

Plaintiff in error's brief contains six assignments of error, but the sixth is, in effect, a restatement of all the others, and is the only one under which a statement, argument, and citation of authorities is made. In fact, plaintiff in error says: "Our assignments of error appear at the end of this brief as an appendix. There are several of them, sufficient to base our present contentions upon, but we present the following both as an assignment and a proposition, as we believe it sufficient."

It follows:

### "Sixth Assignment of Error

"The court erred in rendering judgment herein for the plaintiff, Lee Miner, because:

"(a) There is no evidence which shows or tends to show any negligence on the part

of the defendant in the operation of its engines, trains or cars.

"(b) Even if it be conceded that there is some evidence which shows or tends to show negligence on the part of the defendant in the operation of its engines, trains and cars, still there is no evidence which shows or tends to show that such negligence, if any, was the proximate cause of the killing of the animals involved in this lawsuit.

"(c) There is no evidence which shows or tends to show that the defendant violated article 6402 of the Revised Statutes of 1925 in such a way as to cause it to be liable or guilty of negligence in this cause.

"(d) There is no evidence which shows or tends to show that, even conceding that the defendant was guilty of a violation of article 6402 in such way as to be negligent or liable for the killing of the animals involved in this lawsuit, still, nevertheless, there is no evidence which shows or tends to show that such negligence or violation of said article, if any, was the proximate cause of the killing of the animals in question."

[1-4] It is a general rule that each error relied on must be separately and distinctly specified, and that no assignment shall embrace more than one specification of error. An assignment is duplicitous or multifarious when it embraces more than one specific ground of error, or when it attempts to attack several distinct and separate errors or rulings of the court. 3 Tex. Jur. § 597, p. 855; Galveston, H. & S. A. Railway Co. v. Roemer (Tex. Civ. App.) 173 S. W. 229 (writ refused); Karotkin Furniture Co. v. Decker (Tex. Com. App.) 50 S.W.(2d) 795. The assignment of error announces several grounds by reason of which it asserts the judgment was erroneous. Obviously it is multifarious, and should not be considered. Moreover, it is submitted as a proposition. The rule (Rule 30 for Courts of Civil Appeals) requiring propositions to be stated consecutively, separately subdivided and numbered, contemplates that each error shall be separately and definitely presented, and that a proposition shall deal with a single reason supporting the assignment to which it is germane. A proposition which presents several separate, unrelated points of law is duplicitous or multifarious, and should not be considered. 3 Tex. Jur. § 616, p. 884; Galveston, H. & S. A. Railway Co. v. Roemer (Tex. Civ. App.) 173 S. W. 229 (writ refused); Karotkin Furniture Co. v. Decker (Tex. Com. App.) 50 S.W. (2d) 795.

While, under all the decisions, the assignment and proposition, it being presented as both, is multifarious, still, if it be considered, we think the judgment should be affirmed. The determining question, under the facts, is whether plaintiff is liable by reason of its not having fenced its line at the place of killing. Article 6402, R. S., provides:

"*Killing Stock.*—Each railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways. Such liability shall also exist in counties and subdivisions of counties which adopt the stock law prohibiting the running at large of horses, mules, jacks, jennets and cattle. If said company fence its road it shall only be liable for injury resulting from a want of ordinary care."

The animals were killed at a point where the track was not fenced. It is the contention of plaintiff in error that under the facts shown it was not required or permitted to fence its track. There is a full description of the premises in the statement of facts and a sketch showing the exact situation. The question is one of fact, and the court found against plaintiff in error, thereby finding that the facts did not show such conditions or surroundings as would excuse the failure to fence the track. Without setting out the facts, we will say that, after carefully considering all the evidence, including the map or sketch of the premises, we think the finding of the court has ample support in the record.

The judgment should be affirmed, and it is so ordered.

Affirmed.