**GRAND LODGE COLORED KNIGHTS OF PYTHIAS OF TEXAS v. RHODES et al.**

No. 4240.

Court of Civil Appeals of Texas. Amarillo.
June 11, 1934.

Rehearing Denied July 9, 1934.

A. S. Wells, of Dallas, for appellant.

E. O. Northcutt, of Amarillo, for appellees.

HALL, Chief Justice.

Amelia Rhodes instituted this suit as beneficiary under a certificate which had been issued insuring the life of her husband, Thomas J. Rhodes, which named her as beneficiary. She also sued as next friend of their daughter, Clarice Rhodes, a minor, praying that, in the event the court should decree she was not entitled to recover, she recover for her said daughter. The certificate of insurance was in the sum of $500, and in addition she prayed that she have judgment for the statutory penalty of 12 per cent. and reasonable attorney's fees in the sum of $200.

The defendant answered by general demurrer and several special exceptions, a general denial, and specially pleaded the fourth condition contained in the policy of insurance which stipulated, in part, that, if the assured should die by the hands of the beneficiary named therein or in consequence of the violation or the attempted violation of the laws of the state, the certificate should be null and void and of no effect; and all moneys which had been paid and all rights and benefits which might have accrued on account of the certificate should

be absolutely forfeited without notice or service.

Upon a trial to the court without a jury, the court rendered judgment in favor of the minor, Clarice Rhodes, for the sum of $500 principal, $72.50 penalty and interest, and $150 attorney's fee.

■ The appellant has filed a brief in this court which contains as its assignment of error a verbatim copy of its motion for new trial filed in the trial court. The first four subdivisions of the motion challenge the action of the trial judge in overruling the general demurrer and several special exceptions. Reference to the record fails to show that these demurrers were submitted to the trial judge, or that any action whatever was taken thereon. The rule is that when demurrers and exceptions are not presented and disposed of in the trial court, they are waived. Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533, and authorities cited.

■ The remaining seven grounds for a new trial assign various errors relating to different matters of which complaint is made. This is followed by a list of authorities. The brief contains no definite or specific statement under either of the alleged errors contained in the motion for new trial, but is followed by more than thirty pages of printed argument, interspersed with meager statements and references to the record. The specific errors are not considered separately. It is permissible for the appellant to group assignments of error which are related and by propositions, statement, and argument present such group of assigned errors to the reviewing court, but the grouping of a number of errors all complaining of different unrelated matters is such a gross violation of the fundamental rules of briefing that the reviewing court will not consider them. When the motion for new trial is taken in connection with the argument which follows it, it also violates the rule against multiplicity and results in such confusion that appellate courts are not required to cull from the mass of arguments, references, and quotations the portions relating to any one of the assignments so grouped. The rules of briefing require the appellant to separate and specifically point out the errors complained of. This has not been done. The brief will therefore not be considered. Southwestern Oil Corporation v. Bois D'Arc Creek O. Co. (Tex. Civ. App.) 230 S. W. 822; McMath v. Staten (Tex. Civ. App.) 60 S.W.

(2d) 290; Traders' & Genl. Ins. Co. v. Powell (Tex. Civ. App.) 44 S.W.(2d) 764; McMullin v. Parker (Tex. Civ. App.) 45 S.W.(2d) 1011; Kress v. Brashier (Tex. Civ. App.) 50 S.W. (2d) 922; Karotkin Furn. Co. v. Decker (Tex. Com. App.) 50 S.W.(2d) 795; I.-G. N. v. Miner (Tex. Civ. App.) 54 S.W.(2d) 216; Bustamente v. Haynes (Tex. Civ. App.) 55 S.W. (2d) 137; Holsomback v. Taylor (Tex. Civ. App.) 61 S.W.(2d) 544.

■ We are not required to go to the statement of facts in a search for fundamental error. We find no such error in the record. The judgment will therefore be affirmed.