### GRAY v. WILLIAMS. (No. 1421.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 20, 1926.)

**1. Contracts ⬢⟿353(5)—General charge to find for plaintiff, if defendant was not induced to execute contract by fraud, sufficiently submitted only defense to action.**

In action for debt, defended on ground that contract creating indebtedness was induced by fraud, general charge defining fraud and requiring finding for plaintiff if defendant was not induced to execute contract by fraud was sufficient to submit issue of fraud.

**2. Trial ⬢⟿194(11), 253(5)—Requested special charges on weight of evidence and ignoring issue were properly refused as misleading.**

In action for debt, defended only on ground that contract creating debt was induced by fraud and submitted under general charge, requested special charges on weight of evidence, not affecting main charge, and ignoring question of fraud, were properly refused as misleading.

**3. Trial ⬢⟿256(11)—Special charge correcting general charge defining fraud should be requested by defendant who believes general charge insufficient.**

Defendant, setting up defense of fraud to suit on debt, believing general charge defining fraud to be insufficient, should request special

charge correctly or more fully defining same, and cannot claim that charge given was error.

**4. Fraud ⬢⟿22(1)—Party making investigation is not justified in acting on fraudulent representations.**

Party claiming to have been defrauded, having means to discover fraud and undertaking to investigate for himself without hinderance from any other party, has as matter of law knowledge of everything that proper investigation would disclose, and is not justified in acting on fraudulent representations merely because they were made to him.

**5. Trial ⬢⟿194(11)—General charge to find for plaintiff if defendant was not defrauded, which was his only defense, held not instructed verdict for plaintiff.**

In action for debt, defended on ground that contract creating debt was induced by fraud, general charge to find for plaintiff, if defendant was not induced to execute contract by fraud as defined, was not objectionable as equivalent to instructed verdict for plaintiff.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by Sheridan Williams against W. C. Gray. Judgment for plaintiff, and defendant appeals. Affirmed.

Howth, Adams & Hart, of Beaumont, for appellant.

Owen Lord, of Beaumont, for appellee.

O'QUINN, J. Williams sued Gray in the county court at law of Jefferson county, Tex., for debt in the sum of $917.

Defendant answered by general denial and specially that the contract out of which the alleged indebtedness grew was induced by false and fraudulent representations of plaintiff, made to defendant for the purpose of defrauding him, upon which false and fraudulent representations he relied and acted, by reason of which the consideration for the contract had failed in part, particularly pleading the alleged false representations and items of failure of consideration, and prayed that plaintiff take nothing by his suit, and that he go hence without day, and, in the alternative, that, should judgment be rendered against him, he be allowed the items pleaded of failure of consideration as an offset against the indebtedness claimed by plaintiff. This answer was duly verified.

Plaintiff, in replication, by verified supplemental petition, denied that he made any false representations to defendant to induce him to make the contract, and that, at the time of making of the contract by the parties, defendant investigated and verified for himself the various matters and things entering into the deal between the parties, and that all of the facts and matters were fully open to and were explained to defendant, and were truly stated to defendant by plaintiff,

---

⬢⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and that defendant acted upon his own investigation and knowledge of the matters involved in entering into and executing the contract out of which the indebtedness grew.

The cause was tried to a jury upon a general charge, and, upon a verdict finding in favor of plaintiff for $900, judgment was accordingly rendered. Defendant's motion for a new trial was denied, and he brings this appeal.

[1] Appellant's first two assignments of error complain that the court erred in failing to submit certain issues which he claimed were raised by the evidence. There was no request that the case be submitted on special issues, and it was submitted to the jury on a general charge. The defense presented in defendant's answer was that the contract out of which the indebtedness grew was induced by false and fraudulent representations made by plaintiff to defendant for the purpose of defrauding him, and which he believed, and upon which he acted, and that, by reason of said false and fraudulent representations, the consideration for the execution of the contract by defendant had partially failed. The court's charge stated the contentions of the parties, defined "fraud" as including the "false or fraudulent misrepresentation of some material fact or facts, made for the purpose of deceiving or concealment involving a breach of legal trust, duty, or confidence justly reposed, and from which injury results," and told the jury that, if they found from the evidence that the defendant was not induced to execute the contract sued on by fraud, and that there was no failure of consideration, then to return a verdict for plaintiff, but that, if they found there was a failure of consideration in part, then to find in favor of plaintiff and deduct the amount they found, if any, the defendant was entitled to under the evidence as to failure of consideration. The court further charged the jury that misrepresentations made about matters equally open to both parties, at the time the contract was made, to know the truth, do not constitute fraud or fraudulent representations. The charge followed the pleadings and submitted sufficiently, we think, the only issue involved fraud in the inception of the contract. The assignments are overruled.

[2] Appellant complains of the court's refusal to give two special charges requested by him. These charges were not for the purpose of correcting, explaining, or enlarging any portion of the main charge, but were relative to certain items of indebtedness in dispute in the case, and instructing the jury that, if they found that they existed, to credit a certain percentage of same against any amount they might find was owing by defendant to plaintiff. We think they were properly refused. They ignored the question of fraud, the only matter pleaded by defendant as a defense as charged upon by the court, and were, in our opinion, upon the weight of the evidence, and were likely to be construed by the jury as in conflict with the main charge on the question of fraud, and hence liable to confuse and mislead the jury.

What we have said disposes of appellant's third assignment of error.

Appellant's fourth and fifth assignments complain that the court erred in charging the jury relative to fraud and fraudulent misrepresentations, that misrepresentations about matters equally open to both parties, at the time of the execution of the contract, to know the truth, do not constitute fraud or amount to fraudulent misrepresentations, insisting that the law is that, if fraudulent misrepresentations are made and are relied upon to the injury of a party, it does not then matter whether the matters were equally open to both parties or not, and challenges the court's definition of fraud, as shown supra.

[3, 4] These assignments are overruled. If appellant did not think the court's definition of fraud sufficient, he should have requested a special charge correctly or more fully defining same. Chaddick v. Haley, 81 Tex. 621, 17 S. W. 233; G., H. & S. A. Railway v. Roemer (Tex. Civ. App.) 173 S. W. 229 (writ refused); G., H. & S. A. Railway v. Enderle (Tex. Civ. App.) 170 S. W. 276 (writ refused). Appellant's contention that the court erred in charging the jury that misrepresentations made about matters equally open to both parties to know the truth at the time the contract was made do not constitute fraud or fraudulent representations cannot be sustained. The answer of plaintiff to defendant's plea of fraud was not only a denial as to any fraudulent representations having been made, but also that defendant, before making the contract, investigated for himself the various matters and things entering into the deal between the parties, and acted upon his own investigation and knowledge of the matters involved in making the contract. The record shows without dispute that defendant did make full examination and investigation of the matter. He not only examined the books and papers of plaintiff, but went in person and interviewed the creditors as to the debts owed by plaintiff, and inspected the timbers purchased. We think that the rule is well settled that, where a party who claims to have been defrauded had the means to have discovered the fraud, if any existed, and undertakes to investigate for himself, and does make such investigation as he deems necessary, and is not hindered or prevented from doing so by any act of the other party, it must be held as a matter of law that he has knowledge of everything that a proper investigation would disclose, and hence would not be justified in

acting on fraudulent representations, if any were made to him, merely because they were made to him. Newman v. Lyman (Tex. Civ. App.) 165 S. W. 136 (writ refused); Cresap v. Manor, 63 Tex. 485; Boren v. Boren, 38 Tex. Civ. App. 139, 85 S. W. 48 (writ refused); 12 R. C. L. § 114, p. 361; Tuch v. Downing, 76 Ill. 71; Southern Development Co. v. S. Silva, 125 U. S. 247, 8 S. Ct. 881, 31 L. Ed. 678, 683. The jury's verdict was a finding against defendant's plea of fraud, and we think the record amply supports their finding.

What we have here said disposes of appellant's seventh and eighth assignments.

[5] Appellant's sixth assignment, to the effect that the charge of the court was error because same was tantamount to an instructed verdict for plaintiff, is overruled. We do not think the charge subject to such criticism.

No reversible error having been shown, the judgment should be affirmed, and it is so ordered.

Affirmed.