**Howard N. ALLISON et ux., Appellants,**

v.

**E. K. BLEWETT, Appellee.**

No. 10878.

Court of Civil Appeals of Texas.

Austin.

June 28, 1961.

Rehearing Denied July 19, 1961.

ard N. Allison and his wife Gladys B. Allison, filed this suit against appellee, E. K. Blewett, for damages. They alleged that on February 22, 1951 Mrs. Allison gave birth to a baby at 11 o'clock a. m. and that appellee, her attending physician, performed a tubal ligation and tied off her gamogenesis tubes; that at about five o'clock p. m. on that day appellee told Mrs. Allison that while he was working in her abdomen he removed her appendix and that shortly afterwards all hospital bills and fees to appellee were paid. It is not alleged that any charges were made or paid for an appendectomy. Appellants alleged that about Christmas in 1957 Mrs. Allison began having pain in her right side and went to her family doctor for treatment; that she told said doctor that appellee removed her appendix in 1951 and that because of this information her said doctor diagnosed her trouble as something other than appendicitis; that on or about March 3, 1958 her family doctor caused an x-ray to be made which showed her appendix had ruptured; that thereafter Mrs. Allison was confined in a hospital, at home, had an operation, incurred hospital and medical expenses and suffered other damages for all of which they sued. Appellants alleged that they were untrained in medicine; that they relied on appellee's statement that he had removed Mrs. Allison's appendix; that they had no reason to doubt the statement and that they acted in a reasonable and prudent manner. Appellants alleged that a fiduciary relationship existed between appellee and Mrs. Allison; that he fraudulently concealed the true facts from her and wrongfully told her that he had removed her appendix.

Appellee filed a motion for summary judgment which was sustained.

Appellants present seven points. These are to the effect that the trial court erred in granting appellee's motion for summary judgment on the grounds that: there was no fraud since an issue of fact was presented as to whether or not the alleged false statement was made; that an intent

John S. Wade, Austin, for appellants.

Taylor & Tyler, Kerns B. Taylor, Austin, for appellee.

GRAY, Justice.

This appeal is from a summary judgment. On March 1, 1960, appellants, How-

on the part of appellee to mislead was not shown; that there is no showing appellee should have removed Mrs. Allison's appendix; that there was no contractual relation between appellee and Mrs. Allison to remove her appendix; that appellee did not charge for removing Mrs. Allison's appendix; that appellants' cause of action was barred by limitation; of contributory negligence.

Mrs. Allison testified by deposition that appellee made the alleged statement and he by deposition denied making it.

Admittedly this presented a fact issue. We will later dispose of its materiality.

Appellee says that even if the alleged false statement was made by appellee there is no showing that it was made with any fraudulent intent.

■ The intent of appellee in making the statement is immaterial in the eyes of the law if in fact the statement mislead or deceived appellants. Culbertson v. Blanchard, 79 Tex. 486, 15 S.W. 700; General Accident Fire & Life Assur. Corp. v. Marker, Tex.Civ.App., 298 S.W.2d 848. Er. ref., n. r. e.; 20-A Tex.Jur. p. 87, Sec. 43. Moreover appellants do not sue for exemplary damages.

■ The relationship between doctor and patient is one of trust and confidence. 70 C.J.S. Physicians and Surgeons § 36, p. 941. Because of this relationship appellants could rely on the alleged statement until they came into possession of such facts or knowledge as would put an ordinarily prudent person upon inquiry as to its truth and at which time the statute of limitations would begin to run. Dean v. Dean, Tex. Civ.App., 214 S.W. 505. See 8 Tex.Law Review, pp. 157–158 for discussion of this question as applicable to reliance on statements of a physician.

For reasons later stated it is our opinion that even if an issue of fact is presented as to when appellants did or should have discovered that the alleged statement was false still they cannot maintain this suit.

■ Regardless of the designation given to this suit it necessarily is a suit for damages for the act of a physician or surgeon regularly engaged in the practice of medicine. Such suits are usually referred to as suits for malpractice which has been defined as follows:

"'Malpractice', also sometimes called 'malapraxis' means bad or unskillful practice, resulting in injury to patient, and comprises all acts and omissions of physician or surgeon as such to a patient as such, which may make physician or surgeon either civilly or criminally liable." Bakewell v. Kahle, 125 Mont. 89, 232 P.2d 127, 129.

It has also been said that

"A 'malpractice' action presents a claim of a hybrid nature, in that in one aspect it is based upon negligence and in another upon breach of contract, and the term 'malpractice' may be applied to a single act or to a course of treatment." Giambozi v. Peters, 127 Conn. 380, 16 A.2d 833, 835.

■ Negligence on the part of a physician or surgeon in cases such as the one here consists in his doing something he should not have done or in omitting to do something he should have done, and the negligence must be judged by the facts existing at the time of the act or omission rather than by independent and subsequently developing conditions. That is to say that there must be a causal connection between the statement and the damages sustained. Hayden v. Dunlap, Tex.Civ.App., 84 S.W.2d 306; 37 C.J.S. Fraud § 42, p. 296; 24 Am.Jur., p. 48, Sec. 218.

■ Applying the test of causal connections to the facts here and assuming without deciding that the alleged false statement was made, there is neither pleading nor proof that on February 22, 1951 Mrs.

Allison's appendix was then diseased or that there then existed any cause why it should be removed or that the operation then performed by appellee at that time caused or was calculated to cause the appendix to become diseased or require its removal in the future. Neither is there any pleading nor proof that but for the false statement of appellee Mrs. Allison's appendix would have been removed prior to Christmas in 1957 or prior to the time that it was discovered that it had not been removed which was six years after the statement was made. In this state of the record we see no causal connection between the statement of appellee and the damages sustained by appellants, and it cannot be said that but for appellee's statement harm would not have resulted.

For the reasons stated appellants' points are overruled and the judgment of the trial court is affirmed.

Affirmed.

HUGHES, Justice (concurring).

In my opinion Mrs. Allison had a right to rely implicitly upon the alleged statement of Dr. Blewett regarding the removal of her appendix. He had superior and peculiar knowledge of the truthfulness of this statement. If Mrs. Allison had sustained any injury or damage as a result of reliance on this statement, then, in my opinion, she could recover.

Mrs. Allison did nothing to herself of a harmful nature as a result of reliance on the false statement attributed to Dr. Blewett. It is true that she imparted this information to another doctor in the course of his examination of her. This examination of Mrs. Allison by another doctor is in the nature of an independent investigation conducted by or for Mrs. Allison and, as a matter of law, she is charged with knowledge of all that a proper examination or investigation would have disclosed. Gray v. Williams, Tex.Civ.App., Beaumont, 290 S.W. 844.

It is undisputed that a simple x-ray would have disclosed the presence of Mrs. Allison's appendix.

The general rule is that "A person making a representation is only accountable for its truth or honesty to the very person or persons whom he seeks to influence; no one else has a right to rely on the representations and to allege its falsity as a wrong to him." Westcliff Co. v. Wall, 153 Tex. 271, 267 S.W.2d 544, 546.

The right of the second doctor to rely on the alleged statement of Dr. Blewett is not before us.

It is my opinion that Mrs. Allison did not rely upon the alleged representation to her injury.