Lynda B. JACKSON, Appellant,

v.

Peter J. JULIAN, M.D., Appellee.

No. 05–84–00901–CV.

Court of Appeals of Texas,
Dallas.

June 3, 1985.

William F. Billings, Dallas, for appellant.

Jerry P. Jones, Dallas, for appellee.

Before SPARLING, WHITHAM and DE-VANY, JJ.

DEVANY, Justice.

In this medical malpractice case, Lynda B. Jackson appeals a partial summary judgment denying recovery from Peter J. Julian, M.D., for negligence and battery. The patient also appeals the trial court's order dismissing her fraud allegations for failure to state a cause of action. The patient alleged that the doctor removed her right ovary without her permission while operating to remove other organs in the reproductive system. She also alleged that the doctor engaged in fraudulent conduct when he did not tell her that he punctured her large intestine during the operation and when he falsely represented that the right ovary had been removed by another doctor during an earlier operation. Neither party disputed that the doctor accurately informed the patient soon after the operation that she had no ovaries.

We find no merit in the patient's point of error questioning the partial summary judgment. Further, the trial court did not err in dismissing her allegation of fraudulent concealment for failure to state a cause of action. However, we hold that the patient did state a cause of action for

constructive fraud in her second amended petition by alleging that the doctor's post operative statements constituted willful misrepresentations about the results of the operation. Accordingly, we reverse the July 3, 1984, order of the trial court dismissing this cause and remand it for reinstatement on the trial court's docket.

■ Following the rendition on June 9, 1984 of a partial summary judgment for the doctor, the trial court dismissed the remaining cause of action of the patient after she amended in response to the doctor's special exceptions. In her first point of error, the patient contends that the trial court should not have dismissed this cause because she alleged a cause of action for fraud. Although the patient briefed and argued this point as if she only alleged a single cause of action, we note that she based her fraud claim on two separate wrongs: (1) the doctor's concealing that he punctured her bowel and (2) his representation that another doctor had removed her right ovary. Consequently, the concealment and the misrepresentation claims will be treated separately to determine whether she alleged a cause of action based on either or both of these claims. In this analysis, neither the credibility of the allegations nor the patient's ability to prove them may be considered. *Pierce v. Terra Mar Consultants, Inc.,* 566 S.W.2d 49, 54 (Tex.Civ.App.—Texarkana 1978, no writ).

■ Under the Rules of Civil Procedure, pleadings are sufficient if they fairly notify the other party of the basis of the pleader's claims. *Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex.1982); TEX.R.CIV.P. 45, 47. Fair notice requires that the pleader allege every element of his cause of action in order that the opposing party is able to prepare his defense. *See Rodriguez v. Yenawine,* 556 S.W.2d 410, 414 (Tex.Civ.App.—Austin 1977, no writ). To sufficiently allege the elements of a cause of action, the court must be able to identify each element in the pleadings. *Fairdale, Ltd. v. Sellers,* 651 S.W.2d 725 (Tex.1982). However, whether each element is identifiable in the pleadings may be determined only after the pleadings are liberally construed. *Stone v. Lawyers Title Insurance Corp.,* 554 S.W.2d 183, 186 (Tex.1977). Further, the court must consider the intention of the pleader and treat all reasonable inferences from the. facts alleged as having been sufficiently stated in the pleadings. *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982); *Gulf, Colorado & Santa Fe v. Bliss,* 368 S.W.2d 594, 599 (Tex.1963).

■ To state a cause of action for *actual* fraud, the patient must allege that the doctor knowingly or recklessly made a false representation of a material fact with the intention that the patient would act thereon, and that she acted in reliance on the misrepresentation to her injury. *See Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex. 1983). The doctor argues that the patient failed to allege that he intended that she rely on the representation or that she suffered damages by relying on it. However, he does not dispute that she alleged the remaining elements of actual fraud. The patient argues that the constructive fraud doctrine obviates the need to allege that the doctor intended that she rely on the representation that another doctor removed the ovary.

■ In contrast to actual fraud, constructive fraud occurs when one breaches a legal or equitable duty. Even though this breach may be unintentional, the law considers it fraudulent because it misleads others, violates a confidence or injures a public interest. *Archer v. Griffith,* 390 S.W.2d 735, 740 (Tex.1964). Because of the doctor's superior medical knowledge and the nature of his relationship with a patient, the courts have applied this doctrine when a doctor makes inaccurate statements to his patient concerning treatment or diagnosis. *See Allison v. Blewett,* 348 S.W.2d 182, 184 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.); *cf. Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex.1982) (holding that the doctor's concealment of a material fact tolled limitations on the patient's cause of action). Turning to the facts of the instant case, the patient alleged that the doctor

told her that another surgeon removed her right ovary after he received the pathologist's report which showed that he removed both ovaries. The constructive fraud doctrine applies in such a case.

■ The doctor next argues that the patient failed to state a cause of action because she alleged no damages resulting from her reliance on the doctor's statement. However, the patient alleged that she "justifiably relied" and, in the next paragraph, stated that she "employed an attorney . . . to identify the doctor who removed the right ovary without her permission." It may be inferred from this allegation that she would not have hired an attorney if the doctor had not made the alleged misrepresentation. Thus, her pleadings sufficiently lay the predicate that her reliance caused her to incur attorney's fees.

■ Although attorney's fees are not ordinarily considered as an element of damages, *Phillips v. Wertz*, 579 S.W.2d 279, 280 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), the patient is entitled to recover in tort those damages that proximately resulted from the alleged fraud. *El Paso Development Co. v. Ravel*, 339 S.W.2d 360, 364 (Tex.Civ.App.—El Paso 1960, writ ref'd n.r.e.). Since the patient seeks to recover the expense incurred in hiring an attorney to investigate the other doctor, as distinguished from the cost of prosecuting her action against Dr. Julian, we hold that such investigative expense may be found to be proximately resulting from the doctor's alleged misrepresentations.

The doctor argues that *Allison* and *Thomas v. Beckering*, 391 S.W.2d 771 (Tex. Civ.App.—Tyler 1965, writ ref'd n.r.e.), preclude the inference of causation; however, we find no merit in this contention. *Allison* is factually distinguishable because the patient in that case repeated the doctor's misrepresentation that he removed her appendix to another doctor who, not discovering that the statement was incorrect, failed to diagnose or treat the patient's problem. The patient's appendix ruptured as a result. We read *Allison* as holding that each

health care provider has an independent and nondelegable duty to diagnose properly. Therefore, the court in *Allison* denied recovery, not because the patient could not justifiably rely on this statement, but because the second doctor could not. The court reasoned that the second doctor's failure to ascertain the appendix's presence, rather than the misstatement by the first doctor, caused the patient's injury. Nothing in the record before us suggests another's negligence intervened as the actual cause of this patient's damages; therefore, we hold that *Allison* does not apply to the facts of the present case.

■ *Thomas* merely holds that a judgment for the patient must be supported by evidence that the doctor's misrepresentation caused the patient's injury. What the evidence at trial may or may not show is irrelevant to whether the patient in this case alleged a cause of action. *Pierce v. Terra Mar Consultants, Inc.*, 566 S.W.2d at 54. Since *Thomas* addresses the legal sufficiency of the evidence rather than the pleadings, it is not controlling. Consequently, we sustain the patient's first point of error insofar as it concerns the cause of action for the doctor's alleged misrepresentation concerning who removed the patient's right ovary.

■ However, we affirm that portion of the dismissal relating to the action for the doctor's failure to disclose that he punctured her large intestine during the operation. The patient does not contend that this wound was inflicted by the doctor's negligence. Although the patient alleged that she suffered an infection following the surgery, we do not think one can reasonably infer that the infection would not have occurred if she had known the bowel had been punctured and repaired. She has taken no action to her detriment on such alleged failure of disclosure. The patient alleged that she suffered emotional trauma upon learning about what happened. However, since the alleged concealment could not influence her actions, there is no causal nexus between an act and the emotional

harm. *See Allison v. Blewett*, 348 S.W.2d at 184–185.

Although the patient has conceded that the doctor committed no negligent act during the operation, she contends in her second ground of error that summary judgment denying recovery for negligence and battery was incorrect because the doctor did not disprove that he negligently failed to obtain an informed consent to remove the right ovary. At the outset, we note that the patient does not complain of a failure to obtain an informed consent as an element of an action for battery. Rather, she claims he was *negligent* in not disclosing the material risk that during the operation he might have to remove her right ovary. There is no dispute concerning the necessity or medical propriety of removing that organ.

The doctor argues that, under Texas Rule of Civil Procedure 166-A(c), we may not reverse on this ground because the patient did not raise the issue of negligent failure to obtain an informed consent in her response to the motion for summary judgment. We need not decide whether the doctor's conclusion that the patient did not raise the issue is correct. Assuming arguendo that the issue was presented to the trial court, we hold that patient's complaint is without merit. "[T]he doctrine of informed consent applies only to medical procedures which have yet to be performed and ... is inapplicable in a situation ... where the patient has already undergone the proposed treatment and been injured." *Roark v. Allen*, 633 S.W.2d at 808.

Consequently, we affirm that portion of the trial court's judgment denying the patient's recovery for battery and negligence as well as that part dismissing her action based on fraudulent concealment. We reverse that portion of the trial court's judgment dismissing her allegation of fraudulent misrepresentation. The cause based on the doctor's alleged misrepresentation that the ovary was removed during previous surgery is remanded for reinstatement on the trial court's docket and for further proceedings. Because the patient has pre-

vailed on one of her three claims on appeal, costs of this appeal are taxed one-third against Dr. Julian and two-thirds against Jackson.